RECEIPT # 60129
AMOUNT $ 150.—
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. Kim Almud
DATE 12-19-03

FILED
IN CLERKS OFFICE

2003 DEC 19  A 10: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID DEITZEL<br>42 Carter Street<br>Leominster, MA 01453<br><br>Plaintiff,<br>v.<br><br>SPRINGFIELD TERMINAL RAILWAY COMPANY<br>Iron Horse Park<br>North Billerica, MA 01862<br>c/o CT Corporation System<br>101 Federal Street, Boston, MA 02110<br>and<br><br>GUILFORD RAIL SYSTEMS<br>Iron Horse Park<br>North Billercia, MA 01862<br><br>Defendants | CIVIL ACTION NO.<br><br>03-12560<br><br>MAGISTRATE JUDGE Collings |

## COMPLAINT

COMES NOW the plaintiff, David Deitzel, by and through the undersigned counsel, Mario Bozza, Esquire and Steven M. Lafferty, Esquire, and claims of the defendants, Springfield Terminal Railway and Guilford Rail Systems, an amount in excess of the statutory arbitration limits, and avers the following:

1. Plaintiff, David Deitzel, is an adult individual residing in Leominster, Massachusetts.

2. Defendant, Springfield Terminal Railway Company ("Springfield"), is a corporate entity duly organized and existing under any by virtue of laws of the Commonwealth of Massachusetts and, at all times material hereto,

was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States, and doing business and having a principal place of business in Billerica, Massachusetts.

3. Defendant, Guilford Rail Systems, ("Guilford") is a corporate entity duly organized and existing under any by virtue of laws and, at all times material hereto, was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States, and doing business and having a principal place of business in Billerica, Massachusetts.

4. At all times material hereto and for some time prior thereto, plaintiff was employed by defendants, Springfield and/or Guilford as a conductor in their business of interstate commerce and transportation by railroad.

5. Upon information and belief and at all times relevant hereto, defendant, Guilford Rail Systems owned, operated, controlled and/or was responsible for defendant, Springfield Terminal Railway.

6. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C S. §§51, et seq. (1908), and the Federal Safety Appliance Act, 49 U.S.C.S. §§1, et seq. and Locomotive Boiler Act, 49 U.S.C.S. §§ 20701 et seq.

7. On or about March 12, 2001, while acting in the course and scope of his employment with defendants' Springfield and/or Guilford, plaintiff was injured while attempting to throw a switch in defendant's Nashua, New Hampshire Yard in Nashua New Hampshire.

8. Plaintiff was injured because the aforesaid switch malfunctioned, was defective and was improperly and/or poorly maintained.

9. Plaintiff was injured as a result of the defective and hazardous condition of the switch.

## COUNT I

### David Deitzel v. Springfield Terminal Railway

10. Plaintiff, David Deitzel, hereby incorporates by reference paragraphs 1 through 9 of the Complaint as if same were fully set forth herein.

11. As a result of this accident the plaintiff was caused to sustain severe and permanent personal injuries, as more fully set forth below.

12. Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant, Springfield, acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with a work area free of hazards and unsafe conditions;

(b) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject yard and/or switch in a reasonably safe condition;

(c) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

    (d)    failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the work area, including but not limited to the subject yard and/or switch, which were made unsafe due to the presence of a dangerous condition;

    (e)    failing to provide plaintiff with safe equipment, free of hazards and defects;

    (f)    failing to properly maintain, inspect and/or repair the subject yard and/or switch, to ensure that same were reasonably safe to use free from defects;

    (g)    failing to comply with governmental and/or other applicable safety regulations concerning the safety of the work area particularly as they pertain to maintaining work areas free from struck switch hazards and/or slippery substances;

    (h)    failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous condition involving the subject yard and/or switch, as more fully described above;

    (i)    failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, particularly the dangerous condition of the subject switch, as described above; and

    (j)    failing to provide proper and safe equipment and/or tools for plaintiff to properly and safely perform his job duties.

13.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his left arm and neck, and

back by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

14. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Springfield, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect and cure and/or a diminution of her injuries.

15. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Springfield, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

16. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant Springfield, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

17. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant Springfield, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, David Deitzel demands judgment in his favor and against defendant, Springfield, in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

## COUNT II

## David Deitzel v. Guilford Rail Systems

18. Plaintiff, David Deitzel, hereby incorporates by reference paragraphs 1 through 18 of the Complaint as if same were fully set forth herein.

19. As a result of this accident the plaintiff was caused to sustain severe and permanent personal injuries, as more fully set forth below.

20. Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant Guilford, acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide plaintiff with a work area free of hazards and unsafe conditions;

(b) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject yard and/or ballast in a reasonably safe condition;

(c) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(d) failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the work area, including but not limited to the

subject yard and/or switch, which were made unsafe due to the presence of a dangerous condition;

(e) failing to provide plaintiff with safe equipment, free of hazards and defects;

(f) failing to properly maintain, inspect and/or repair the subject yard and/or switch, to ensure that same were reasonably safe to use free from defects;

(g) failing to comply with governmental and/or other applicable safety regulations concerning the safety of the work area particularly as they pertain to maintaining work areas free from struck switch hazards and/or slippery substances;

(h) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous condition involving the subject yard and/or switch, as more fully described above;

(i) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, particularly the dangerous condition of the subject switch, as described above; and

(j) failing to provide proper and safe equipment and/or tools for plaintiff to properly and safely perform his job duties.

21. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, Guilford, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his left arm and neck, and back by reason of which he has suffered great physical

pain and mental distress which he yet suffers and will continue to suffer into the future.

22. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect and cure and/or a diminution of his injuries.

23. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, Guilford, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

24. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, Guilford, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

25. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, Guilford, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, David Deitzel demands judgment in his favor and against defendant Guildford in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

**A jury trial is demanded.**

Dated: 12-17-03

By: /s/ Mario Bozza
Mario Bozza, Esq.
BBO: 052860
63 Commercial Wharf
Boston, MA 02110

Of Counsel:

By: /s/ Steven M. Lafferty
Steven M. Lafferty, Esq.
BARISH LAW OFFICES, P.C.
1601 Cherry Street
Three Parkway – 13th Floor
Philadelphia, PA 19102