UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID DEITZEL,<br>          Plaintiff,<br><br>v.<br><br>SPRINGFIELD TERMINAL RAILWAY<br>COMPANY, and<br>GUILFORD RAIL SYSTEMS,<br>          Defendant. | CIVIL ACTION No. 03-12560-RGS |

## SPECIAL APPEARANCE AND ANSWER OF DEFENDANT, GUILFORD RAIL SYSTEMS, TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. The defendant is without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 1 of the plaintiff's Complaint.

2. Admitted.

3. Denied.

4. The defendant admits that, at all relevant times, the plaintiff was employed by the defendant, Springfield Terminal Railway Company, as a conductor in its business of interstate commerce and transportation by railroad and denies the remaining allegations contained within paragraph 4 of the plaintiff's Complaint.

5. Denied.

6. The allegations contained within paragraph 6 of the plaintiff's Complaint constitute conclusions of law to which no response is required from this defendant.

7. The defendant is without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 7 of the plaintiff's Complaint.

8. Denied.

9. Denied.

## COUNT I
## DAVID DEITZEL v. SPRINGFIELD TERMINAL RAILWAY COMPANY

10. The defendant repeats its responses to paragraphs 1 through 9 and incorporates the same herein as if fully set forth.

11. The defendant is without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 11 of the plaintiff's Complaint.

12(a-j).   Denied

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT II
## DAVID DEITZEL v. GUILFORD RAIL SYSTEMS

18. The defendant repeat its responses to paragraphs 1 through 17 and incorporates the same herein as if fully set forth.

19. The defendant is without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 11 of the plaintiff's Complaint.

20(a-j).   Denied

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted against this defendant and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's alleged damages and injuries were caused by a person or persons for whose conduct this defendant is not and was not legally responsible.

### THIRD AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's alleged accident occurred in an area not under the control of this defendant.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff failed to provide this defendant with prior notice of unsafe and unsuitable tools, appliances, equipment and/or condition.

### FIFTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's alleged damages and injuries were caused in whole or in part by the plaintiff's own negligence which was greater than any negligence on the part of this defendant, said negligence being specifically denied.

### SIXTH AFFIRMATIVE DEFENSE

If the plaintiff suffered any injury as alleged in the plaintiff's Complaint, such injury was caused by a third person over whom this defendant exercised no control, and for whom this defendant is not and was not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

If the plaintiff sustained any injury as alleged in the plaintiff's Complaint, such injury was caused by the intervening and superseding acts of a third person, whose acts this defendant did not and reasonably could not foresee.

### EIGHTH AFFIRMATIVE DEFENSE

The injuries allegedly sustained by the plaintiff resulted from dangers and risks of which the plaintiff himself assumed.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable Statute of Limitations.

### TENTH AFFIRMATIVE DEFENSE

The defendant did not breach any implied and/or express duties owed to the plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff failed to provide proper notice of his claim.

### TWELFTH AFFIRMATIVE DEFENSE

The defendant states that F. E. L. A. provides the exclusive remedy for the recovery of damages sustained by an employee as a result of an injury to said employee and does not permit or provide for the recovery of medical expenses.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims brought pursuant to the Federal Safety Appliance Act, 49 U.S.C. §§ 1 et seq., should be dismissed, as a matter of law, on the basis that the plaintiff's alleged injuries and damages were not due to any appliance enumerated in the statute.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims brought pursuant to the Boiler Inspection Act, 49 U.S.C. §§ 20701 et seq., should be dismissed, as a matter of law, on the basis that the plaintiff's alleged injuries and damages were not due to any condition involving a locomotive or tender as required under the statute.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims against this defendant should be dismissed for misnomer of a party.

### SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims against this defendant should be dismissed, pursuant to F.R.C.P.

12(b)(2), for lack of jurisdiction over this defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims against this defendant should be dismissed, pursuant to F.R.C.P. 12(b)(4), for insufficiency of process.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims against this defendant should be dismissed, pursuant to F.R.C.P. 12(b)(5), for insufficiency of service of process.

WHEREFORE, the defendant requests that this Honorable Court:

1.  Enter judgment for the defendant and against the plaintiff on each Count of the Plaintiff's Complaint;

2.  Dismiss the plaintiff's Complaint;

3.  Award the defendant its costs, including attorneys' fees, incurred in connection with defending this action; and

4.  Award the defendant such other and further relief as this Court deems appropriate.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

By the Defendant,
Guilford Rail Systems,
By its attorneys,

John J. O'Brien, Jr., Esq.
BBO # 375885
Francis S. McGurrin
BBO # 630847
O'Brien & von Rosenvinge, P. C.
27 Mica Lane, Suite 202
Wellesley, MA 02481
(781) 239-9988

DATED: February 10, 2004

CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendant, Guilford Rail Systems, in the within action, hereby certify that on the 10th day of February, 2004, I served a copy of

**SPECIAL APPEARANCE AND ANSWER OF DEFENDANT, GUILFORD RAIL SYSTEMS, TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

by mailing a copy thereof, postage prepaid, to:

| | |
|---|---|
| Mario Bozza, Esq. | Steven M. Lafferty, Esq. |
| BBO# 052860 | Of Counsel |
| 63 Commercial Street | Barish Law Offices, P. C. |
| Boston, MA 02110 | 1601 Cherry Street |
| | Three Parkway - 13th Floor |
| | Philadelphia, PA 19102 |

John J. O'Brien, Jr.