UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID DEITZEL,<br>　　　　Plaintiff,<br><br>v.<br><br>SPRINGFIELD TERMINAL RAILWAY<br>COMPANY, and<br>GUILFORD RAIL SYSTEMS,<br>　　　　Defendant. | CIVIL ACTION No. 03-12560-RGS |

**DEFENDANT, GUILFORD RAIL SYSTEM'S, MOTION TO DISMISS PLAINTIFF'S CLAIMS, PURSUANT TO F.R.C.P. 12(b)(6), OR IN THE ALTERNATIVE, PURSUANT TO F.R.C.P. 56**

NOW COMES the defendant, Guilford Rail Systems, and moveS this Honorable Court, pursuant to F.R.C.P. 12(b)(6), or in the alternative, pursuant to F.R.C.P. 56, to dismiss the plaintiff's claims brought against the moving defendant. As argued below, the defendant is entitled to judgment, as a matter of law, because the defendant did not employ the defendant nor did it own or operate the premises and/or equipment at issue.

**STATEMENT OF THE CASE**

The plaintiff has brought suit against the defendants alleging that he was injured "while attempting to throw a switch in defendant's Nashua, New Hampshire Yard in Nashua, New Hampshire." The plaintiff further alleges that he was employed by the defendant, Guilford Rail Systems, and that he was injured while throwing a switch in the defendant's Nashua, New Hampshire Yard.

Notwithstanding the plaintiff's allegations, there is no entity known as Guilford Rail Systems which owns or operates the property described in the plaintiff's Complaint. Affidavit of

John R. Nadolny, Esq., attached hereto as "Exhibit A." There is an entity known as Guilford Transportation Industries, Inc. which is a holding company that owns the stock of several other companies, including Springfield Terminal Railway Company. Exhibit A. Guilford Transportation Industries, Inc. however is not a railroad company nor does it own or operate any railroad rights-of-way or related property. Exhibit A.

No employees of Guilford Transportation Industries, Inc. perform any railroad operations or maintenance, and Guilford Transportation Industries, Inc. did not employ the plaintiff on or about March 12, 2001. Exhibit A.

The plaintiff has asserted claims against the defendants, pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., the Safety Appliance Act, 49 U.S.C. §§ 1 et seq., and the Locomotive Boiler Act, 49 U.S.C. §§ 20701 et seq

## LEGAL ARGUMENT

The Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., imposes upon railroads a general duty to provide a safe workplace for its employees and provides a federal cause of action against a railroad by any employee injured as a result of the railroad's negligence. Liability under the Federal Employers' Liability Act is based upon the employee-employer relationship. Jakubowski v. Central Railroad Company of New Jersey, 88 F.Supp. 258, 259 (S.D.N.Y. 1959) (citations omitted).

In the instant case, neither Guilford Rail Sytems nor Guilford Transportation Industries, Inc. employed the plaintiff nor did either of these two entities own or control the premises where the plaintiff alleges he was injured. Absent evidence of any employment relationship between the plaintiff and the moving defendant, the plaintiff's claims brought under the Federal

2

Employers' Liability Act fail, as a matter of law. Moreover, the moving defendant cannot be held liable to the plaintiff under a common law negligence theory (to the extent that a negligence action has been alleged) because the moving defendant had no legal duty to maintain the area where the plaintiff's alleges he was injured.

WHEREFORE, the defendant, Guilford Rail Systems, respectfully requests that this Honorable Court enter judgment in its favor and against the plaintiff, pursuant to F.R.C.P. 12(b)(6), for failure to state a claim upon which relief can be granted, or in the alternative, pursuant to F.R.C.P. 56.

### LOCAL RULE 7.1 CERTIFICATION

I, Francis S. McGurrin, counsel for the defendants, hereby certify that on February 10, 2004, I forwarded a copy of this Motion to all counsel of record, pursuant to Local Rule 7.1, requesting a conference to discuss the issues raised herein. As of February 26, 2004, no response or other contact has been received from counsel to our request. Thus, the requirements of Local Rule 7.1 have been complied with in regards to the filing of this Motion.

By the Defendants,
Springfield Terminal Railway Company and
Guilford Rail Systems,
By their attorneys,

John J. O'Brien, Jr., Esq.
BBO # 375885
Francis S. McGurrin
BBO # 630847
O'Brien & von Rosenvinge, P. C.
27 Mica Lane, Suite 202
Wellesley, MA 02481
(781) 239-9988

DATED: February 26, 2004

3

## CERTIFICATE OF SERVICE

I, Francis S. McGurrin, attorney for the defendants in the within action, hereby certify that on the 26th day of February, 2004, I served a copy of

**DEFENDANT, GUILFORD RAIL SYSTEM'S, MOTION TO DISMISS PLAINTIFF'S CLAIMS, PURSUANT TO F.R.C.P. 12(b)(6), OR IN THE ALTERNATIVE, PURSUANT TO F.R.C.P. 56**

by mailing a copy thereof, postage prepaid, to:

Mario Bozza, Esq.
BBO# 052860
63 Commercial Street
Boston, MA 02110

Steven M. Lafferty, Esq.
Of Counsel
Barish Law Offices, P. C.
1601 Cherry Street
Three Parkway - 13th Floor
Philadelphia, PA 19102

_____
Francis S. McGurrin

**EXHIBIT A**

**EXHIBIT A**

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID DEITZEL,<br>        **Plaintiff,**<br><br>v.<br><br>SPRINGFIELD TERMINAL RAILWAY<br>COMPANY, and<br>GUILFORD RAIL SYSTEMS,<br>        **Defendant.** | )<br>)<br>)<br>)<br>) CIVIL ACTION No. 03-12560-RGS<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF JOHN R. NADOLNY, ESQ.

I, John R. Nadolny, Esq., being first duly sworn, do hereby swear that I have knowledge concerning the following facts and that the following facts are true:

1. My name is John R. Nadolny, Esq., and I reside at 10 Young Lane, Rye, NH. I am employed by Guilford Transportation Industries, Inc. ("GTI") as Senior Vice President and General Counsel. I also hold the position of Corporate Secretary.

2. I have reviewed the Complaint of the plaintiff in this action. Upon information and belief, there is no entity known as Guilford Rail Systems that has any ownership or control over the railroad yard located in Nashua, New Hampshire, as referenced in the plaintiff's Complaint.

3. GTI is a corporation which was organized under the laws of the State of Delaware in 1981.

4. GTI's corporate offices are located at 14 Aviation Avenue, Pease International Tradeport, Portsmouth, New Hampshire 03801.

5. GTI is a holding corporation which owns the stock of several corporations, including Springfield Terminal Railway Company.

6. GTI does not own any railroad rights-of-way or related property.

7. GTI is not a railroad company and does not operate any railroad rights-of-way or related property.

8. GTI is not recognized, characterized or authorized to act as a railroad by the Surface Transportation Board ("STB") nor was GTI recognized, characterized or authorized to act as a railroad by STB's predecessor, the Interstate Commerce Commission.

9. No employees of GTI perform railroad operations or maintenance.

10. GTI did not employ the plaintiff, David Deitzel, during the period referenced in the plaintiff's Complaint or at any other time.

11. GTI's management is distinct from that of Springfield Terminal Railway Company.

SIGNED UNDER THE PAINS AND PENALTIES OF PREJURY
THIS 24th DAY OF FEBRUARY, 2004.

_____
John R. Nadolny, Esq.