UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID DEITZEL,<br>    Plaintiff,<br><br>v.<br><br>SPRINGFIELD TERMINAL RAILWAY<br>COMPANY, and<br>GUILFORD RAIL SYSTEMS,<br>    Defendant. | CIVIL ACTION No. 03-12560-RGS |

### DEFENDANTS, SPRINGFIELD TERMINAL RAILWAY COMPANY'S AND GUILFORD RAIL SYSTEM'S, MOTION TO DISMISS PLAINTIFF'S CLAIMS BROUGHT PURSUANT TO THE SAFETY APPLIANCE ACT AND LOCOMOTIVE BOILER ACT

NOW COME the defendants, Springfield Terminal Railway Company and Guilford Rail Systems, and move this Honorable Court, pursuant to F.R.C.P. 12(b)(6), to dismiss the plaintiff's claims brought pursuant to the Safety Appliance Act, 29 U.S.C. §§ 1 et seq., and the Locomotive Boiler Act, 49 U.S.C. §§ 20701 et seq. As argued below, the defendants contend that, based upon the allegations contained within the plaintiff's Complaint, these statutes do not apply because no equipment or appurtenances covered under the statutes were involved in the alleged incident.

### STATEMENT OF THE CASE

The plaintiff has brought suit against the defendants alleging that he was injured "while attempting to throw a switch in defendant's Nashua, New Hampshire Yard in Nashua, New Hampshire." The plaintiff does not allege that his injuries were due to any defect or dangerous condition in any locomotive or rail car owned and/or operated by the defendants.

The plaintiff has asserted claims against the defendants, pursuant to the Safety Appliance

Act, 49 U.S.C. §§ 1 et seq., and the Locomotive Boiler Act, 49 U.S.C. §§ 20701 et seq

## LEGAL ARGUMENT

The Safety Appliance Act, 49 U.S.C. §§ 1 et seq., sets forth a specific list of equipment which a railroad must have on each type of car it operates: ladders; brakes; automatic couplers, hand holds, running boards; etc. Liability under the Safety Appliance Act requires the plaintiff to present evidence that his alleged injury was due to a defect in the equipment enumerated in the statute. To the extent that a claim is brought alleging a defect in equipment not enumerated in the Safety Appliance Act, any claim premised on the Safety Appliance Act fails, as a matter of law. Jordan v. Southern Railway Company, 970 F.2d 1350, 1354 (C.A. 4th Cir. 1992).

The Locomotive Boiler Act, 49 U.S.C. §§ 20701 et seq., provides the requirements which must be met in order for a locomotive to be used on railroad lines and imposes a duty upon rail carriers to maintain the parts and appurtenances of their locomotives in safe and proper condition. Lilly v. Grand Trunk W.R.R. Co., 317 U.S. 481, 87 L.Ed. 411, 63 S. Ct. 347 (1943). To the extent that a claim is brought alleging a defect in equipment other than a locomotive or its appurtenances, any claim premised on the Locomotive Boiler Act fails, as a matter of law. Garcia v. Burlington Northern Railroad Company, 818 F.2d 713, 720 (C.A. 10th Cir. 1987).

In the instant case, the plaintiff alleges that his was injured while throwing a switch in a railroad yard. The plaintiff does not allege that he was injured as a result of any defect or dangerous condition in a locomotive or rail car owned and/or operated by the defendants. Absent evidence that the plaintiff was injured due to a defect or a dangerous condition in any locomotive or rail car, the plaintiff's claims brought pursuant to the Safety Appliance Act and/or Locomotive Boil Act, fail as a matter of law.

2

WHEREFORE, the defendants, Springfield Terminal Railway Company and Guilford Rail Systems, respectfully request that this Honorable Court dismiss the plaintiff's claims alleging causes of action under the Safety Appliance Act and Locomotive Boiler Act, for failure to state a claim upon which relief can be granted, pursuant to F.R.C.P. 12(b)(6).

## LOCAL RULE 7.1 CERTIFICATION

I, Francis S. McGurrin, counsel for the defendants, hereby certify that on February 10, 2004, I forwarded a copy of this Motion to all counsel of record, pursuant to Local Rule 7.1, requesting a conference to discuss the issues raised herein. As of February 26, 2004, no response or other contact has been received from counsel to our request. Thus, the requirements of Local Rule 7.1 have been complied with in regards to the filing of this Motion.

By the Defendants,
Springfield Terminal Railway Company and
Guilford Rail Systems,
By their attorneys,

_____
John J. O'Brien, Jr., Esq.
BBO # 375885
Francis S. McGurrin
BBO # 630847
O'Brien & von Rosenvinge, P. C.
27 Mica Lane, Suite 202
Wellesley, MA 02481
(781) 239-9988

DATED: February 26, 2004

CERTIFICATE OF SERVICE

I, Francis S. McGurrin., attorney for the defendants in the within action, hereby certify that on the 26th day of February, 2004, I served a copy of **DEFENDANTS, SPRINGFIELD TERMINAL RAILWAY COMPANY'S AND GUILFORD RAIL SYSTEM'S, MOTION TO DISMISS, PURSUANT TO F.R.C.P. 12(b)(6)**, by mailing a copy thereof, postage prepaid, to:

| | |
|---|---|
| Mario Bozza, Esq. | Steven M. Lafferty, Esq. |
| BBO# 052860 | Of Counsel |
| 63 Commercial Street | Barish Law Offices, P. C. |
| Boston, MA 02110 | 1601 Cherry Street |
| | Three Parkway - 13th Floor |
| | Philadelphia, PA 19102 |

_____
Francis S. McGurrin