IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID DEITZEL                              :
                                           :
                                           :
v.                                         :
                                           :        CIVIL ACTION
                                           :
SPRINGFIELD TERMINAL RAILWAY               :        NO. 03-12560-RGS
COMPANY, and                               :
GUILFORD RAIL SYSTEM                       :

MOTION OF PLAINTIFF TO TAKE DISCOVERY, OR IN THE ALTERNATIVE,
MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT GUILFORD RAIL SYSTEM'S
MOTION TO DISMISS PLAINTIFF'S CLAIMS PURSUANT TO FED.R.CIV.P. 12(b)(6), OR
IN THE ALTERNATIVE, PURSUANT TO FED.R.CIV.P. 56

Plaintiff, David Deitzel, by and through the undersigned counsel, hereby responds to

defendant Guilford Rail System's ("Guilford") Motion to Dismiss Plaintiff's Claims. The plaintiff

brings this action against the defendant under a special Act of Congress entitled the Federal

Employers' Liability Act. See 45 U.S.C.A. §§51, et seq. (1908) ("FELA"). That Act provides in

substance that every railroad engaged in interstate commerce shall be liable in damages for injuries

to its employees resulting in whole or in part from the negligence of any of its officers, agents, or

employees or from any defect or deficiency, due to its negligence, in its cars, machinery, tracks,

roadbeds, or work areas. See 45 U.S.C.A. §§51, et seq. (1908). Under the FELA, the defendant is

liable for plaintiff's injuries if it is determined by a preponderance of the evidence that: (1) the

defendant was a railroad engaged in interstate commerce; (2) the plaintiff was an employee of the

defendant in interstate commerce, acting in the course of his employment; (3) the defendant, by or

1

through its employees, officers, or agents, was negligent; and, (4) such negligence played any part, no matter how slight, in producing the plaintiff's injury.

On or about March 12, 2001, plaintiff was injured in the course and scope of his employment for the defendants, while throwing a switch at the defendant's Nashua, New Hampshire Yard. The defendant, Guilford, seeks dismissal of plaintiff's claims against it as it claims that "there is no entity known as Guilford Rail Systems which owns or operates the property described in the plaintiff's complaint." In support of its claim, Guilford attaches an affidavit of John Nadolny, Esq., Corporate Secretary of Guilford Transportation Industries, Inc. ("GTI"), that purports to establish that Guilford Rail System (not Mr. Nadolny's company, GTI) does not own or control the railroad yard in Nashua, New Hampshire. No affidavit from anyone purporting to have any relationship with the defendant, Guilford, is attached. In this regard, nowhere in this affidavit does Mr. Nadolny explain what is his relationship to Guilford or what GTI's relationship is to that entity. Rather, after making a vague denial about Guilford's ownership and control of the Nashua Yard, Mr. Nadolny explains that GTI (as opposed to Guilford) is not a railroad company; that GTI (as opposed to Guilford) neither owns nor operates any railroad rights of way; and that GTI (as opposed to Guilford) does not employ any employees to perform railroad operations or maintenance. Nowhere does Mr. Nadolny allege that Guilford does not own the railroad tracks and/or rights of way at issue.[1]

---

[1]The issue of Guilford's status as a business entity is apparently at issue. Although Guilford is listed as a freight carrier and subsidiary of GTI in publications such as Hoover's Online, see documents attached as Exhibit "A", it is not listed by either Massachusetts or New Hampshire as a domestic or foreign corporation. Accordingly, plaintiff seeks leave of Court to engage in additional discovery specifically on the issue of Guilford's business entity status and relationship to the rail lines and property at issue. Pursuant to Fed.R.Civ.P. 56(f):

> When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or

Motions to dismiss are to be granted sparingly and with caution. See e.g. Kingwood Oil Co. v Bell, 204 F2d 8 (7th Cir. 1953). "When evaluating a motion to dismiss under Rule 12(b)(6), [the court] take[s] the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in [its] favor." Pihl v. Massachusetts Dep't of Educ., 9 F.3d 184, 187 (1st Cir. 1993). The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. A Russo, 96 F.3d 566, 569 (1st Cir. 1996); see also Tobin v. University of Maine Sys., 59 F. Supp. 2d 87, 89 (D. Me. 1999). Fed. R. Civ. P. 12(b)(6), however, provides that if a court reviews information outside of the pleadings, the motion is to be converted into one for summary judgment pursuant to Fed. R. Civ. P. 56. Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 948-50 (8th Cir. 1999).

Accordingly, the instant motion is one for summary judgment. Summary judgment, however, is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" Fed.

---

depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. Rule 56(f) "provides a safety valve for claimants genuinely in need of further time to marshal facts, essential to justify their opposition to a summary judgment motion." Reid v. State of New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995) (internal quotation marks, ellipses and citations omitted). Although courts should liberally construe the rule, Rule 56(f) requires due diligence from the party seeking additional discovery. Morrissey v. Boston Five Cents Savings Bank, 54 F.3d 27, 35 (1st Cir. 1995). A strong presumption arises in favor of discovery where the party seeking discovery articulates a plausible need for the discovery, makes a timely proffer, shows good cause for not conducting the discovery earlier, and demonstrates that the facts are discoverable within a reasonable amount of time and, if adduced, will influence the outcome of the pending summary judgment motion. See Morrissey, 54 F.3d at 35; Resolution Trust v. North Bridge Association, 22 F.3d 1198, 1203 (1st Cir. 1994). See also Augat, Inc. v. Collier, 1996 U.S. Dist. LEXIS 2702 (D. Mass. Jan. 22, 1996). In its discretion, a court may excuse or relax one or more of these requirements in order "to address the exigencies of a given case." Augat, Inc. v. Collier, 1996 U.S. Dist. LEXIS 2702 (D. Mass. Jan. 22, 1996) citing Resolution Trust, 22 F.3d at 1203.

R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). In deciding whether there is a genuine issue of material fact, "the evidence of the nonmoving party is to be believed and all justifiable inferences must be drawn in its favor." American Legion Post 7 v. City of Durham, 239 F.3d 601, 605 (4th Cir. 2001). A mere scintilla of proof, however, will not suffice to prevent summary judgment; the question is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party" resisting summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) (internal quotation marks omitted). A failure to produce evidence sufficient to permit a jury to find for the nonmovant plaintiff as to one of the elements of his cause of action renders all other issues of fact immaterial. Celotex, 477 U.S. at 323.

Given the low evidentiary threshold for submission to the jury in a Federal Employers' Liability Act ("FELA") case, courts should "exercise special care in considering summary judgment." See e.g. Lies v. Farrell Lines, Inc., 641 F.2d 765, 770-71 (9th Cir.1981); accord Miles v. Melrose, 882 F.2d 976, 984 (5th Cir.1989), cert. denied, 494 U.S. 1066, 110 S.Ct. 1783, 108 L.Ed.2d 785 (1990). "'[A] trial court is justified in withdrawing ... issue[s] from the jury's consideration only in those extremely rare instances where there is a zero probability either of employer negligence or that any such negligence contributed to the injury of an employee.'" Hines v. Consol. Rail Corp., 926 F.2d 262, 268 (3d Cir.1991)) (quoting Pehowic v. Erie Lackawanna R.R., 430 F.2d 697, 699-700 (3d Cir.1970)). To determine what evidence plaintiff must present to avoid summary judgment in such a case, the Court is guided by cases discussing the standard for directing a verdict. See e.g. Anderson v. Liberty Lobby, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (summary judgment standard mirrors the standard for a directed verdict). A directed verdict in these sorts of cases is justified only when there is "a complete absence of probative facts"

to support a verdict for the plaintiff, i.e., only if the plaintiff failed to put forth at least a marginal claim for relief. See Bommarito v. Penrod Drilling Corp., 929 F.2d 186 (5th Cir.1991). Accordingly, summary judgments "are to be cautiously granted, and 'if there is to be error at the trial level it should be in denying summary judgment in favor of a full live trial.' " Lies, 641 F.2d at 772 (citations omitted). See also Jones v. M/V Boomtown Belle Casino, 1998 WL 720659 (E.D.La. October 9, 1998).

Here, the proceedings have just recently been initiated. Plaintiff brought suit against Guilford Rail System claiming that Guilford Rail System is both plaintiff's employer and the owner and/or operator of the property and/or equipment at issue. Upon information and belief, Guilford Rail System is an entity comprised of Springfield Terminal, Boston and Maine Corporation and/or other subsidiaries of GTI. Hoover's Online, however, lists Guilford Rail System as a subsidiary of GTI in its own right. See Exhibit "A". Nevertheless, there is no entity called Guilford Rail System licensed to do business in New Hampshire. By all indications, though, Guilford Rail System operates a railroad in New Hampshire at or near Nashua, New Hampshire. In this regard, it undertakes all the indicia of a railroad. The Association of American Railroads lists the Guilford Rail System as a "regional rail system" which operates on 179 miles of track in New Hampshire. See Nashua Metropolitan Area Long-Range Transportation Plan dated November 1, 2002, p. 5-1, attached hereto as Exhibit "B". It purports to offer employment positions. See documentation attached hereto as Exhibit "C". It maintains a Design and Construction Department. See documents attached hereto as Exhibit "D". Exactly what is the business status of that entity, however, is not easily understood. In this regard, nowhere does Guilford Rail System allege that it does not own the railroad tracks and/or rights of way at issue.

Accordingly, plaintiff seeks an Order dismissing the defendant Guilford Rail System's Motion to Dismiss, and allowing plaintiff an opportunity to engage in discovery on the issue of Guilford Rail System's status as a business entity and relationship to the companies and properties at issue.

BY:  _____
MARIO BOZZA, ESQUIRE
Attorneys for Plaintiff