## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**DAVID DEITZEL,** ·                    )
      **Plaintiff,**                )
                                   )
**v.**                                 )   **C.A. No. 03-12560-RGS**
                                   )
**SPRINGFIELD TERMINAL RAILWAY**       )
**COMPANY,**                           )
      **Defendant.**               )
                                       )

## DEFENDANT, SPRINGFIELD TERMINAL RAILWAY COMPANY'S, MOTION FOR SUMMARY JUDGMENT

### 1.   INTRODUCTION

NOW COMES the defendant, Springfield Terminal Railway Company, and respectfully

requests that this Honorable Court enter summary judgment in its favor, pursuant to Fed. R. Civ.

P. 56(b), and dismiss all claims brought by the plaintiff, David Deitzel, against the defendant,

pursuant to the Federal Employers' Liability Act, 45 U.S.C.S. §§ 51 et seq.[1]  In support of this

Motion, the defendant states that there are no material issues of fact in dispute and that it is

entitled to the entry of judgment in its favor, as a matter of law.

### 2.   STATEMENT OF THE CASE

For purposes of this Motion only, the defendant, Springfield Terminal Railway Company,

---

[1]      The plaintiff originally brought suit against Guilford Rail Systems, as well as the
Springfield Terminal Railway Company and asserted claims against both defendants pursuant to
the Federal Safety Appliance Act, 49 U.S.C.S. §§ 1 et seq., and the Locomotive Boiler Act, 49
U.S.C.S. §§ 20701 et seq. On March 18, 2004, the Court allowed the defendants' Motion to
Dismiss the plaintiffs' Federal Safety Appliance Act and Locomotive Boiler Act claims. On May
24, 2004, counsel for the parties appeared for a Scheduling Conference at which time plaintiff's
counsel advised the Court that Guilford Rail Systems was to be dismissed as a party defendant.
Plaintiff's counsel's advisement to the Court was memorialized in the Court's Scheduling
Conference Order dated June 9, 2004.

submits that the following facts are not in dispute:

1. On and about March 12, 2001, the plaintiff, David Deitzel, was employed as a conductor by the defendant, Springfield Terminal Railway Company ("STR"). Plaintiff's Complaint attached hereto as "Exhibit A."

2. As a basis for his claims against STR, the plaintiff alleges that he was injured while attempting to throw a track switch in the defendant's Nashua, New Hampshire rail yard on or about March 12, 2001[2]. Exhibit A;. Deposition testimony of David Deitzel, attached hereto as "Exhibit B," pp. 38-39.

3. On March 12, 2001, the plaintiff reported to work at 9:00 a.m., two hours later than usual due to a snowstorm which had occurred a day or two prior to March 12, 2001. Exhibit B, p. 68.

4. On March 12, 2001, the weather conditions were clear. Exhibit B, p. 69.

5. As of March 12, 2001, the plaintiff's conductor job duties included responsibility for the movement of trains, including the throwing or moving of rail switches which allows trains to move from one track to another. Exhibit B, pp. 47-48.

6. At approximately 9:30 a.m., the plaintiff rode the engine he was assigned to up to the switch for Track No. 1 in the Nashua rail yard. Exhibit B, pp. 64-65.

7. The plaintiff was familiar with the switch for Track No. 1 having thrown the switch on occasions prior to March 12, 2001. Exhibit B, p. 67.

8. Before attempting to throw the switch for Track No. 1, the plaintiff observed that

---

[2] At deposition, the plaintiff testified that he believed he was injured on March 14, 2001; however, all other evidence, including the plaintiff's Complaint and Answers to Interrogatories, demonstrate that the subject incident occurred on March 12, 2001.

2

the switch had been cleared of snow, and he did not observe any ice on the switch. Exhibit B, pp. 74-75 and 90.

9.   Based upon his observing the condition of the switch for Track No. 1, the plaintiff determined that it was safe for him to throw the track switch. Exhibit B, pp. 72-73 and 75.

10.   The plaintiff alleges that when he attempted to throw the track switch for Track No. 1, he felt a pain in his left shoulder and arm. Exhibit B, p. 75.

11.   In his Complaint, the plaintiff alleges that he "was injured because the aforesaid switch malfunctioned, was defective and was improperly and/or poorly maintained." Exhibit A.

12.   In his Answer to the defendant's Interrogatory requesting that the plaintiff set forth in full and complete detail everything which he contends that the defendant, failed to do, which it should have done, the plaintiff answered by stating: "Springfield failed to remove the ice/snow from the switch. The presence of the ice/snow prevented me from being able to throw the switch." Plaintiff's Response to Defendant's First Set of Interrogatories, Answer No. 4, attached hereto as "Exhibit C."

13.   At deposition, the plaintiff admitted that any allegation on his part that the subject track switch failed to properly operate due to the presence of snow and/or ice would be based upon conjecture. Exhibit B, p. 90.

14.   In the week period prior to and the week after March 12, 2001, numerous trains ran over Track No. 1 in the Nashua Yard serviced by the track switch at issue in

3

this litigation, including a train which passed over the track switch on March 12, 2001 prior to the incident involving the plaintiff. Notably, at least two trains a day passed over the subject track switch during the week prior to March 12, 2001. Any train crew members who encountered a problem of any type and nature with the track switch were required to report such problem to the dispatcher who in turn would make a notation on the Train Sheet for the day when the problem was reported. An examination of the Train Sheets for the period from March 5, 2001 through March 19, 2001 indicates that there was no complaint of any problems involving the subject track switch, other than the incident involving the plaintiff on March 12, 2001. Based upon his examination of the Train Sheets for this period, Larry Ferguson, Director of Train Operations for STR, attests that the train switch at issue was in good working order between March 5, 2001 and March 19, 2001. Affidavit of Larry Ferguson, attached hereto as "Exhibit D."

## 2.    LEGAL ARGUMENT

The plaintiff has brought suit against STR, pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C.S. §§ 51 et seq., alleging that the track switch he attempted to throw on March 12, 2001 "malfunctioned, was defective and was improperly and/or poorly maintained." Exhibit A. STR denies the plaintiff's allegations concerning the condition of the track switch and asserts that, throughout the relevant period, the track switch at issue was in a safe condition, free from hazards.

4

## IN A FELA ACTION ALLEGING INJURY CAUSED BY A DEFECTIVE CONDITION, THE PLAINTIFF HAS THE BURDEN OF SHOWING THE EXISTENCE OF THE ALLEGED DEFECTIVE CONDITION AND THAT HIS EMPLOYER HAD ACTUAL OR CONSTRUCTIVE NOTICE OF THE ALLEGED DEFECTIVE CONDITION .

Federal Courts have interpreted FELA as placing a duty on the railroads to provide its employees with a reasonably safe workplace, reasonably safe equipment, proper training and suitable methods to perform assigned work. Zarecki v. National Railroad Passenger Corp., 914 F.Supp. 1566, 1571 (N.D. Ill. 1996). Although FELA is liberally construed, it does not make the employer an insurer of the safety of its employees. Ellis v. Union Pacific Railroad Co., 329 U.S. 649, 633 (1947). A FELA plaintiff who fails to produce even the slightest evidence of negligence will lose at summary judgment. McGinn v. Burlington Northern Railroad Co., 102 F.3d 295, 301 (7th Cir. 1996). Notably, proof of injury, standing alone, will not sustain the plaintiff's burden of proof in showing the negligence of his employer. Moore v. Chesapeake & Ohoi Railway Co., 340 U.S. 573, 577-578 (1951). Instead, the plaintiff must present some evidence of negligence to withstand summary judgment. Deutsch v. Burlington Northern Railroad Co., 983 F.2d 741, 744 (7th Cir. 1992). Specifically, the plaintiff must offer evidence proving the common law elements of negligence, including duty, breach, foreseeability and causation. Fulk v. Illinois Central Railroad Co., 22 F.3d 120, 124 (7th Cir. 1994). Where a FELA plaintiff's claim is based upon a defective condition, the plaintiff cannot recover without showing that the employer had actual or constructive notice of the alleged defective condition. Williams v. National Railroad Passenger Corp., 161 F.3d 1059, 1063 (7th Cir. 1998).

In this action, the plaintiff alleges that he suffered an injury to his left shoulder and arm on March 12, 2001 while attempting to throw a track switch at the defendant's rail yard located in

5

Nashua, New Hampshire. Exhibit A; Exhibit B, pp. 38-39. Thus, the plaintiff has the burden of showing that the track switch was, in fact, defective and that STR had actual or constructive notice of said defective condition prior to the incident involving the plaintiff. Id. No evidence, however, has been presented following the completion of discovery in the instant case that the track switch was defective or that STR was on notice of any defective condition involving the rail switch. Absent evidence of any defective condition with the rail switch which allegedly caused the plaintiff's injury or evidence that STR had any actual or constructive notice of any such alleged defective condition prior to the subject incident, the plaintiff cannot sustain his burden of proving that any negligence on the part of STR caused his alleged injuries. Therefore, the plaintiff's FELA claim fails, as a matter of law.

## THE PLAINTIFF'S ALLEGATION THAT HIS INJURY WAS CAUSED BY A DEFECTIVE CONDITION WITH THE TRACK SWITCH IS BASED UPON SPECULATION AND CONJECTURE ENTITLING THE DEFENDANT TO A JUDGMENT IN ITS FAVOR, AS A MATTER OF LAW.

Based upon the plaintiff's lack of knowledge concerning the nature of the alleged defective condition of the subject track switch, the plaintiff's allegation that his injury was caused by the unsafe and defective condition of the track switch is based simply upon speculation and conjecture. Other than his own speculative testimony, the plaintiff has failed to present any evidence as to the alleged defective condition.

"The nonmoving party ... cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). When a FELA plaintiff's claims are based upon speculation and conjecture, the entry of summary judgment in favor of the defendant is proper. Deans v. CSX Transportation, 152 F.3d

6

326, 330 (4th Cir. 1998). Conclusory allegations are not sufficient to defeat a motion for summary judgment. Barger v. CSX Transportation, Inc., 110 F. Supp. 2d 648, 652 (W.D. Ohio 2000).

In support of his FELA claim against STR, the plaintiff, in his Answers to Interrogatories, relies upon the conclusory allegation that the subject track switch failed to operate properly due to the presence of ice and snow on the track switch as a result of a snow storm which had occurred a day or two prior to the subject incident. Exhibit C. However, at deposition, the plaintiff testified that at the time of the subject incident, all ice and snow had been cleared from the track switch and that he had determined, based upon his own observation, that the track switch was safe to throw. Exhibit B, pp. 74-75 and 90. Moreover, the plaintiff testified at deposition that any allegation on his part that the subject switch failed to properly operate due to the presence of snow and/or ice would be based upon conjecture. Exhibit B, p. 90. Thus, the plaintiff's own testimony demonstrates his inability to sustain his burden of proof in showing a defective condition with the track switch which resulted in his being injured, entitling the defendant to the entry of summary judgment in its favor.

## TO THE EXTENT THAT THE PLAINTIFF'S NEGLIGENCE CLAIMS ARE BASED SIMPLY ON THE PRESENCE OF ICE AND SNOW, WITHOUT MORE, THE PLAINTIFF HAS FAILED TO SUSTAIN HIS BURDEN OF PROOF.

"It is a general rule of wide acceptation that since railroad companies have no control over the vagaries of the weather or climatic conditions that there is no liability for injuries resulting from the mere existence of ice or snow and disconnected from other circumstances." Raudenbush v. Baltimore & Ohio Railway Co., 160 F.2d 363, 366 (3rd Cir. 1947). "Troublesome or severe climatic conditions are commonplace in the year-round operation of interstate carriers [and] a temporary dangerous working condition resulting therefrom is not by itself a negligent failure on

7

the part of the carrier to provide the employees a safe place in which to work." Detroit, T & I.R. Co.v. Banning, 173 F.2d 752, 755 (1949) (citations omitted).

In the case of Carew v. Burlington Northern Railroad Co., 514 So.2d 899 (Ala. 1987), the administratrix of a deceased railroad employee alleged that the decedent's death was the result of myocardial infarction suffered after the decedent unsuccessfully attempted to throw a track switch which was alleged by the plaintiff to have been frozen due to weather conditions. The Carew Court directed a verdict in favor of the defendant railroad on the basis that there was insufficient evidence "that the alleged difficulty with the switch was a result of the negligence" of the defendant and that the unsubstantiated contention was "not proof that the switch was actually frozen or defective in any way, including mechanically." Id. 514 So.2d at 901.

Similarly, in the instant case, the plaintiff has failed to demonstrate that any difficulty he encountered in throwing the subject track switch was due to any negligence on the part of STR. The plaintiff has failed to "show why the switch was frozen or whether the switch was frozen at all." Id. The plaintiff's allegation that the track switch was frozen is simply an assumption on his part which he cannot substantiate. Proof of injury or simple reliance upon the weather conditions, at or about the time of the subject injury, is not enough to show that the track switch was defective or that STR's negligence was, in fact, the cause of his alleged injury.

**BECAUSE THE PLAINTIFF IS UNABLE TO SHOW THAT STR EITHER KNEW OR SHOULD HAVE KNOWN OF THE ALLEGED CONDITION OF THE TRACK SWITCH, HIS FELA CLAIM AGAINST STR FAILS, AS A MATTER OF LAW.**

The law is well-settled that "FELA plaintiffs must prove that the railroad had actual or constructive notice, or that they could or should have known, of the allegedly defective workplace condition in order to state a claim." Miller v. Cicicinnati, New Orleans and Texas Pacific Railway,

8

317 F.2d 693, 695 (6th Cir. 1963). "Plaintiff must also show that Defendant could reasonably foresee the danger arising from the defect." Barger v. CSX Transportation, Inc., 110 F.Supp.2d 648, 654 (W.D. Ohio 2000).

In the instant case, the plaintiff cannot show that STR had any notice, either actual or constructive, of any defect in the track switch which allegedly caused his injury; thus, his FELA claim against STR fails as a matter of law. In the week prior to and subsequent to the date of the subject incident, the track switch was operated without any report of difficulty. By relying upon its employees to report any problems in the operation of the track switch, STR acted reasonably under the circumstances in that "daily operation of the switch is essentially equivalent to routine inspection." Id. 110 F.Supp.2d at 655.

Larry Ferguson, Director of Train Operations for STR, has attested, based upon his examination of STR's Track Sheets covering the period from March 5, 2001 through March 19, 2001, that the track switch at issue in this litigation was in good working order during the relevant period. Exhibit D. Notably, at least two trains a day passed over the subject track switch during the week prior to March 12, 2001 and, in fact, another train passed over the track switch on March 12, 2001, prior to the incident involving the plaintiff. Exhibit D. In the event that other train crews had problems or difficulty operating the subject track switch, such problems or difficulties would have been reported to the train dispatcher and recorded on the applicable Train Sheet. Exhibit D. Other than the plaintiff's report that he pulled a muscle while throwing the track switch on March 12, 2001, there is no report from any other train crew indicating any problems while throwing the subject track switch in the week prior to March 12, 2001. Exhibit D. The absence of any such report indicates that the track switch was in good working order during

9

the relevant period and further demonstrates that STR was not on notice of any defect with the track switch during the period prior to March 12, 2001. Exhibit D.

Clearly, there is no evidence that STR had actual notice of any defect with the subject track switch prior to the plaintiff's alleged injury. Whether STR had constructive notice of the condition of the track switch as of March 12, 2001 depends upon whether the track switch was defective for a sufficient length of time that it reasonably could be inferred that STR had such notice. Here, there is no evidence that the track switch was in the condition described by the plaintiff at any time other than at the time the plaintiff alleges he was injured. Thus, there is no evidence, nor is there any inference that can be reasonably drawn from any evidence, that STR knew or in the exercise of ordinary care should have know that the track switch was in a defective condition prior to the time when the plaintiff alleges he was injured. Moreover, the lack of any complaint with the track switch in the week after the alleged incident undercuts that plaintiff's assertion that the track switch was in a defective condition on March 12, 2001. Absent evidence that STR knew or should have known that the subject track switch was defective or in a dangerous condition on or about March 12, 2002, the plaintiff's FELA claim against STR fails, as a matter of law. Miller v. Cicicinnati, New Orleans and Texas Pacific Railway, 317 F.2d 693, 695 (6th Cir. 1963).

## 4.    CONCLUSION

As set forth above, the defendant, Springfield Terminal Railway Company, is entitled to the entry of summary judgment in its favor, pursuant to Fed. R. Civ. P. 56(b), based upon the undisputed facts and applicable law. The plaintiff's allegation that he was injured due to the defective condition of the track switch he operated on March 12, 2001 is simply based upon

10

speculation and conjecture. The plaintiff has failed to demonstrate any negligence on the part of the defendant or any defective condition with the track switch which could have caused his alleged injury. Furthermore, the plaintiff cannot show that the defendant knew or should have known that the track switch at issue was in a defective condition prior to the subject incident. For the foregoing reasons, the defendant, Springfield Terminal Railway Company, respectfully requests that this Honorable Court enter summary judgment in its favor, pursuant to Fed. R. Civ. P. 56(b), and dismiss all claims brought against the defendant by the plaintiff, David Deitzel.

## THE DEFENDANT RESPECTFULLY REQUESTS A HEARING AND ORAL ARGUMENT ON THE ISSUES RAISED IN THIS MOTION.

Respectfully submitted,
By the defendant,
Springfield Terminal Railway Company,
By its attorneys,

John J. O'Brien, Jr.
BBO # 375885
Francis S. McGurrin
BBO # 630847
O'Brien & von Rosenvinge
27 Mica Lane, Suite 202
Wellesley, MA 02481
(781) 239-9988

DATED: November 10, 2005

11

CERTIFICATE OF SERVICE

I, Francis S. McGurrin, attorney for the defendant, Springfield Terminal Railway
Company., hereby certify that on the 10th day of November, 2005 I forwarded true copies of:
DEFENDANT, SPRINGFIELD TERMINAL RAILWAY COMPANY'S, MOTION FOR
SUMMARY JUDGMENT by first class mail, postage pre-paid to the following counsel of
record:

Rudolph V. DeGeorge, II, Esq.
Barish Law Offices, P.C.
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia. PA 19102

Ronald M. Davids, Esq.
Davids & Schlesinger
40 Washington Street, Suite 250
Wellesley, MA 02481

Francis S. McGurrin

12