UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 03-12560RGS

DAVID DEITZEL )
      Plaintiff, )
vs. )
SPRINGFIELD TERMINAL )
RAILWAY COMPANY )
      Defendant. )

## DEFENDANT'S MOTION FOR LEAVE OF COURT TO IDENTIFY A MEDICAL EXPERT LATE

Now comes the defendant and respectfully requests Leave of Court to Identify a Medical Expert for the following reasons:

1. On or about January 9, 2006, plaintiff produced medical records that included an office visit note by a neuro-surgeon, Sidney N. Paly, M. D. dated December 6, 2005. Plaintiff was referred to Dr. Paly by his attorney.

2. The note states: "Discomfort in left upper extremity and shoulder . . . is cleared completely. He has no paresthesias, no radiating discomfort and muscle strength is and has been back to normal since surgery. No evidence of sensory or motor deficits. Still some left para cervical discomfort which is purely incisional and will clear. Patient on Neurontin 300 mg b.i.d. for one or two more months then discontinue. He is without deficit and wishes to return to work. EMG and conduction studies recently done are completely normal with no evidence of residual neuropathy. Nothing further to be done. David has done ultimately very well.
EMG Report undated but dictated and transcribed on 11/28/05
Impression: Normal study. No evidence of peripheral nerve entrapment or cervical motor radiculopathy in left upper extremity."

3. Based on the foregoing, the defendant understood the plaintiff had met a medical end result and fully recovered.

*[Handwritten in left margin: Allowed. R.B. Stearns DJ 2-15-06.]*

4. On or about January 30, 2006, plaintiff produced through his counsel an unsigned January 9, 2006 note from plaintiff's trial medical expert, Michael Kennedy, M. D., which states:

"<u>Chief Complaint:</u> The patient is seen concerning continued pain and tenderness around his neck with radiation into his left shoulder. He has had surgery which was a decompression and foraminotomy. He still continues to have significant pain and discomfort and noises in his neck.

<u>Physical Examination:</u> His overall physical findings and complaints are much the same as from previously seen. His range of motion of his neck is approximately 40% of normal and peripheral neurological examination is much the same from when previously seen. All systems have been reviewed and there are no acute findings.

<u>Plan:</u> the patient will get a copy of the operative record and has been offered trigger pint injections of cortisone and therapy is alright with him. He will also bring his medication next time I see him. I will see the patient in a week."

5. No further medical records have been produced.

6. Defendant respectfully requests leave of Court to obtain a complete, up to date, set of the plaintiff's medical records and have them reviewed and evaluated by a physician in order to determine whether a medical examination of the plaintiff is warranted and would assist in the defense of this case. Defendant also requests leave to depose Drs. Paly and Kennedy. Thereafter, the defendant further respectfully requests leave of Court to identify a medical expert.

7. Defendant fully appreciates this Court's desire to move this matter to conclusion. The defendant seeks the Court's indulgence and requests leave to identify medical expert(s) within sixty days of the allowance of this motion. Defendant submits that this amount of time is necessary in order to collect a complete copy of plaintiff's medical records, locate a physician who is available and willing to examine the records and subsequently determine whether or not a medical examination would be fruitful and thereafter formulate an expert opinion.

8. Defendant submits that in light of the dramatic change in the plaintiff's medical condition in thirty four (34) days as described by his trial expert, allowance of this motion will afford the defendant a reasonable, just and fair opportunity to evaluate the plaintiff's claims for personal injury for purposes of settlement negotiations and ultimately for trial.

WHEREFORE, defendant respectfully requests this Honorable Court to grant it leave to identify a medical expert for the foregoing reasons.

DEFENDANT REQUESTS A HEARING ON ALL THESE MATTERS.

Respectfully submitted:

The defendant,
Boston & Maine Corporation
By its attorney,

John J. O'Brien, Jr., Esq.
BBO# 375885
O'Brien & von Rosenvinge, P.C.
27 Mica Lane, Suite 202
Wellesley, MA 02481
(781) 239-9988

DATED: February 15, 2006

## CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendants, hereby certify that on this day I forwarded a true copy of the Defendants' Leave of Court to Identify a Medical Expert by first class mail, postage pre-paid, to the following counsel of record:

Ronald M. Davids, Esq.
40 Washington Street - Suite 250
Wellesley, MA 02481
(781) 416-5066
BBO # 115110

Rudolph V. De George, II, Esq.
Barish Law Offices, P. C.
1601 Cherry Street
Three Parkway - 13th Floor
Philadelphia, PA 19102

John J. O'Brien, Jr.

DATED: February 15, 2006

MtnLeaveIDmedlXpt