IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID DEITZEL

        Plaintiff,

v.                                    CIVIL ACTION

SPRINGFIELD TERMINAL RAILWAY     NO. 03-12560-RGS
COMPANY

        Defendant.

## JOINT PRE-TRIAL MEMORANDUM

I.      STIPULATED OR ADMITTED FACTS

       1.      On or about March 12, 2001, defendant, Springfield Terminal Railway Company was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States, and doing business and having a principal place of business in Billerica, Massachusetts.

       2.      On March 12, 2001, the plaintiff was employed by the defendant, Springfield Terminal Railway Company as a conductor in its business of interstate commerce and transportation by railroad.

II.     LIST OF PERSPECTIVE WITNESSES:

    David Deitzel, 96 Pearl Street, Clinton, Massachusetts 01510.
    Phillip J. Collins, (deceased), 25 Bradford Street, Westford, Massachusetts 01886-2343.
    Larry Ferguson, Director of Train Operations, Springfield Terminal Railway Company, Iron Horse Park, North Billerica, MA 01862.
    Custodian of Records, Springfield Terminal Railway Company, Iron Horse Park, North Billerica, MA 01862.
    Erwin Towle, Springfield Terminal Railway Company, Iron Horse Park, North Billerica, MA.
    Richard Chartrand, United Transportation Union, Local 254.

George Casey, United Transportation Union, Local 254.
David Grimm, Springfield Terminal Railway Company
Robert Silk, Springfield Terminal Railway Company.
Deborah Barassa, FMLA Liaison, Springfield Terminal Railway Company.
Michael G. Kennedy, M.D., 6 Union Street, Natick, MA 01760
Custodian of Records, Ramsey Rehabilitation, 33 Electric Avenue, Suite B10, Fitchburg, MA 01420.
Custodian of Records, North Shore Neurosurgery and Spine, Sydney N. Paly, M.D., 4 Centennial Drive, Suite 204, Peabody, MA 01960.
Custodian of Records, Wayne Dillard, D.O., Physical Medicine and Rehabilitation, 80 Erdman Way, Suite 309, Leominster, MA 01453.
Custodian of Records, Robert A. Babineau, Jr., M.D. 47 Ashby State Road, Upper Level, Suite 103, Fitchburg, MA. 01420-2096.
Custodian of Records, Salem Hospital, 81 Highland Avenue, Salem, MA 01970.
Custodian of Records, University of Massachusetts Memorial Center, 60 Hospital Road, Leominster, MA 01453
Custodian of Records, University of Massachusetts Medical Center, 60 Hospital Road, Leominster, MA 01453
Custodian of Records, Burbank Hospital a/k/a HealthAlliance Hospital, 60 Hospital Road, Leominster, MA 01453
Robert A. Babineau, Jr., M.D., 47 Ashby State Road, Upper Level, Suite 103, Fitchburg, MA
Pamela J. Primeau a/k/a Pamela J. Hitchcock, Para Legal, Springfield Terminal Railway Company, Iron Horse Park, North Billerica, MA 01862
Lawrence P. Johnson, M. D., 10 Research Place, Suite 203, North Chelmsford, MA 01863
Karen Hayes, PTA, Ramsey Rehab, 33 Electric Avenue, Suite B 10, Fitchburg, MA 01420
Robert A. Babineau, Jr., M.D., 47 Ashby State Road, Upper Level, Suite 103, Fitchburg, MA 01420-2096
Sidney N. Paly, M. D., North Shore Neurosurgery & Spine, 4 Centennial Drive, Suite 204, Peabody, MA 01960
Dr. James Fluet, 155 Franklin Road, Fitchburg, MA 01420
Wayne Dillard, D. O., Physical Medicine and Rehabilitation, Electrodiagnostic Medicine, 80 Erdman Way, Suite 309, Leominster, MA 01453
Zbigniew Dombek, M. D., 655 Main Street, Fitchburg, MA 01420

### III.  IDENTIFICATION OF PORTIONS OF DEPOSITIONS TO BE OFFERED AT TRIAL

**Audio-visual deposition of Philip J. Collins (deceased), December 2, 2005**
p.6   lines 14-24;
p.7-64

Defendant's Objections to deposition transcript and Audio-visual deposition of Philip J. Collins:

p. 6 lines 17 and 18 (delete reference to Guilford Rail Systems)
p. 13 lines 12 - 24, p. 14 lines 1-5 (non responsive, speculation, relevancy)
p. 16 lines 1-19 (Speculation, relevancy, materiality, form of the questions)
p. 18 lines 3-22 (Speculation, leading)
p. 19 lines 4-21 (Opinion -calls for conclusion, leading, relevancy, materiality)
p. 20 lines 1-24 (Repetition, relevancy, materiality, form, speculation)
p. 21 lines 1-4; 8-20 (Opinion, speculation, form, non responsive)
p. 22 lines 7-24 (Opinion)
p. 23 lines 4-23 (Opinion)
p. 24 lines 2-20 (Opinion, form, materiality)
p. 25 lines 1-6 (Materiality, relevancy)
p. 26 lines 15-20; 23-24 (Opinion, relevancy, materiality)
p. 27 lines 1-4 (Form, relevancy, materiality and opinion)
p. 29 lines 5-24 (Form, opinion, materiality and relevancy)
p. 30 lines 1-7; 22-24 (Non responsive, form)
p. 31 lines 1-3; 7-20 (Form relevancy, materiality) (Non responsive, form)
p. 32 lines 8-18 (Hearsay, relevancy, materiality)
p. 33 lines 18-24 (Form)
p. 34 lines 1-14 (Form, relevancy, materiality, speculation)
p. 39 lines 9-24 (materiality, relevancy)
p. 40 lines 1-24 (materiality, relevancy)
p. 41 lines 1-24 (materiality, relevancy)
p. 42 lines 1-8; 22-24 (Relevancy) (Opinion, non responsive)
p. 43 lines 1-24 (Relevancy, materiality)
p. 44 lines 1-2; 11-21 (Relevancy, materiality)
p. 46 lines 19-24 (Relevancy, materiality)
p. 47 lines 1-24 (Relevancy, materiality)
p. 48 lines 1-24 (Relevancy, materiality)
p. 49 lines 1-24 (Relevancy, materiality)
p. 50 lines 1-4 (Relevancy, materiality)
p. 53 lines 2-24 (Relevancy, materiality)
p. 54 line 1 (Relevancy, materiality)
p. 55 lines 8-24 (Relevancy, materiality, non responsive)
p. 56 lines 1-2 (Relevancy, materiality)
p. 57 lines 22-24 (Relevancy, materiality)
p. 58 lines 1-24 (Relevancy, materiality)
p. 59 lines 1-18 (Relevancy, materiality, non responsive)
p. 62 lines 9-24 (Relevancy, materiality)
p. 63 lines 1-24 (Relevancy, materiality)
p. 64 lines 1-9 (Relevancy, materiality)

Defendant respectfully requests that the video tape of Mr. Collins deposition be

edited to delete the portions of the transcript as referenced in defendant's objections as set forth above.

In his Answer to the defendant's Interrogatory No. 4 which requests the plaintiff set forth in full and complete detail everything which he contends that the defendant, failed to do, which it should have done, the plaintiff answered by stating: "Springfield failed to remove the ice/snow from the switch. The presence of the ice/snow prevented me from being able to throw the switch."

**IV.    JOINT LIST OF EXHIBITS TO WHICH THERE NO OBJECTION**

1. Springfield Terminal records of movement of trains and track cars, train sheet dated March 12, 2001;
2. Memorandum from Pam Primeau to Erwin Towle, dated August 20, 2002;
3. Memorandum from Erwin Towle to Pam Primeau, dated December 5, 2002.

**V.    LIST OF EXHIBITS TO BE OFFERED AT TRIAL AS TO WHICH A PARTY RESERVES THE RIGHT TO OBJECT**

A. Report from U-Mass Memorial MRI & Imaging Center dated August 6, 2002;
B. Springfield Terminal Records of Movement of Trains and Track Cars, Train Sheets for the months of January, February and March 1 through 16, 2001;
C. Memorandum from Pam Primeau to Erwin Towle, dated August 20, 2002;
D. Memorandum from Erwin Towle to Pam Primeau, dated December 5, 2002.
E. Correspondence dated September 10, 2002 from Pamela J. Primeau, Paralegal-Claims, to David B. Deitzel
F. Guilford Transportation Industries Inc./Rail Division, Labor Detail, D. Deitzel for the year 2001
G. Guilford Transportation Industries Inc./Rail Division, Labor Detail, D. Deitzel for the year 2002
H. Guilford Transportation Industries Inc./Rail Division, Labor Detail, D. Deitzel for the year 2003
I. Guilford Transportation Industries Inc./Rail Division, Labor Detail, D. Deitzel for the year 2004
J. Guilford Transportation Industries Inc./Rail Division, Labor Detail, D. Deitzel for the year 2005
K. Guilford Transportation Industries Inc./Rail Division, Labor Detail, D. Deitzel for the year 2006
L. NORAC Operating Rules, Seventh Edition, Effective January 17, 2000
M. STR Safety Rules
N. STR Safety Rule No. 147

      O.     Personnel File for David Deitzel
      P.     Medical Records of David B. Deitzel from Ramsey Rehab, 33 Electric Avenue, Suite B 10, Fitchburg, MA 01420
      Q.     Medical Records of David B. Deitzel from Nashoba Valley Medical Center, 200 Groton Road, Ayer, MA 01432
      R.     Medical Records of David B. Deitzel from HealthAlliance Hospital, U Mass Memorial Health Care, Leominster Campus, 60 Hospital Road, Leominster, MA 01453.
      S.     Medical Records of David B. Deitzel from Robert A. Babineau, Jr., M.D., 47 Ashby State Road, Upper Level, Suite 103, Fitchburg, MA 01420-2096
      T.     Medical Records of David B. Deitzel from North Shore Neurosurgery & Spine, 4 Centennial Drive, Suite 204, Peabody, MA 01960
      U.     Medical Records of David B. Deitzel from Salem Hospital, 81 Highland Avenue, Salem, MA 01970
      V.     Medical Records of David B. Deitzel from Wayne Dillard, D.O., Physical Medicine and Rehabilitation, 80 Erdman Way, Suite 309, Leominster, MA 01453
      W.     Medical Records of David B. Deitzel from Dr. James Fluet, 155 Franklin Road, Fitchburg, MA 01420
      X      Health Insurance Claim Form dated August 7, 2002
      Y.     Report(s) by Lawrence P. Johnson, M. D.

## VI.   MOTION IN LIMINE

Plaintiff objects to any evidence maintained in his transportation file containing correspondences, notices, public law board decisions and transcripts pertaining to injuries and disciplinary actions involving David Deitzel for incidents occurring during the period from March 28, 2006; January 3, 2003 through January 23, 2003 and on; December 2, 2002; October 6, 1999; November 5, 1996; October 13, 1996; September 22, 1996; June 23, 1996; March 9, 1996; November 19, 1995; November 18, 1995; October 31, 1995; July 7, 1995; August 22, 1993; December 20, 1989; October 18, 1989; October 17, 1989; October 5, 1989; October 4, 1989; October 2, 1989; October 1, 1989; September 13, 1989; September 10, 1989; July 25, 1989; November 28, 1988; and October 13, 1987. Plaintiff objects to the aforesaid evidence as irrelevant and immaterial under Federal Rule of Evidence 403.

Plaintiff objects to any evidence of a 1998 felony conviction for unemployment fraud as being barred by Federal Rule of Evidence 403.

Defendant submits that the plaintiff's credibility is central to this cause of action. Evidence of plaintiff's conviction of a crime which is used solely to evaluate the credibility of the plaintiff is admissible pursuant to M. G. L. c. 233 §21. Defendant further submits that prior convictions are admissible under Fed. R. Evid. 609 to impeach any witness within the sound discretion of the trial Judge. At page 19, lines 4-10 of his

deposition taken on February 23, 2005, plaintiff testified that he had one felony conviction in 1998. At page 21, lines 20-21, plaintiff testified that the pled guilty to the charge. Fed. R. Evid. 609 limits crimes that can be used for impeachment to those, inter alia, involving dishonesty or false statement. With regard to such crimes, which defendant respectfully submits includes unemployment fraud, a prior conviction may be established by cross examination of the plaintiff without production of a certified criminal record. Com. v. Fortier, 258 Mass 98, 155 NE 8 (1927). Admission of the conviction is only for impeachment and relevant solely in evaluating the credibility of the witness. Com. v. Gallagher 408 Mass at 516.

    Defendant, Springfield Terminal Railway Company, and respectfully requests this Honorable Court to issue an order precluding the plaintiff from introducing any evidence of medical care, treatment, damages or bills at the trial of this case. As grounds, Defendant states that it was not provided a complete copy of plaintiff's treatment records from Salem Hospital. The defendant further states that the Medical Release Authorization signed by the plaintiff was not dated and the hospital would not release the records to defense counsel. This refusal was received earlier this month.

    Plaintiff originally brought suit against Guilford Rail Systems, as well as the Springfield Terminal Railway Company and asserted claims against both defendants pursuant to the Federal Safety Appliance Act, 49 U.S.C.S. §§ 1 et seq., and the Locomotive Boiler Act, 49 U.S.C.S. §§ 20701 et seq. On March 18, 2004, the Court allowed the defendants' Motion to Dismiss the plaintiffs' Federal Safety Appliance Act and Locomotive Boiler Act claims. On May 24, 2004, counsel for the parties appeared for a Scheduling Conference at which time plaintiff's counsel advised the Court that Guilford Rail Systems was to be dismissed as a party defendant. Plaintiff's counsel's advisement to the Court was memorialized in the Court's Scheduling Conference Order dated June 9, 2004.

Defendant objects to any evidence relating to his cessation of employment at STR on the grounds that it is irrelevant and immaterial and unduly prejudicial to the defendant.

## VII.   TRIAL MEMORANDUM

## VIII.   ESTIMATE OF THE PROBABLE LENGTH OF TRIAL

    Four (4) days (plaintiff's medical expert, Dr. Kennedy is available for testimony on October 4, 2006)

## IX.   CASE TO BE TRIED BY A JURY

    A. Request for instructions with citations to supporting authority: See attached
    B. Any proposed or special verdict questions: See attached
    C. Any proposed questions for the Voir Dire examination: See attached

    Plaintiff objects to defendant's request for Voir Dire questions 1-7
    as being duly prejudicial.
D. A succinct and neutral statement summarizing the principle claims and
defenses of the  parties to be read to the venire during empanelment:

This case involves a Federal Employers' Liability Act claim brought by the plaintiff, David Deitzel, against his employer, Springfield Terminal Railway Company alleging that the track switch he attempted to throw on March 12, 2001 malfunctioned, was defective and was improperly and/or poorly maintained. On or about March 12, 2001, the plaintiff, David Deitzel, was employed as a conductor. STR denies the plaintiff's allegations concerning the condition of the track switch and asserts that, throughout the relevant period, the track switch at issue was in a safe condition, free from hazards. Any train crew members who encountered a problem of any type and nature with the track switch were required to report such problem to the dispatcher who in turn would make a notation on the Train Sheet for the day when the problem was reported.

Respectfully submitted,

| The Plaintiff, | The Defendant, |
|---|---|
| DAVID DEITZEL, | SPRINGFIELD TERMINAL RAILWAY |
| By his attorney, | COMPANY |
| | By its attorney, |
| /s/ | /s/ |
| Rudolph V. DeGeorge, II, Esq. | John J. O'Brien, Jr., Esq. BBO# 375885 |
| Barish Rosenthal | O'Brien & von Rosenvinge, P.C. |
| Three Parkway - Suite 1320 | 27 Mica Lane, Suite 202 |
| 1601 Cherry Street | Wellesley, MA 02481 |
| Philadelphia, PA 19102 | (781) 239-9988 |
| (215) 923-8900 | |

DAVID DEITZEL,
By His Attorneys,
DAVIDS & ASSOCIATES, P.C.

/s/
Ronald M. Davids
40 Washington Street – Suite 20
Wellesley, MA 02481
(781) 416-5055
BBO No.: 115110