IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID DEITZEL                           :
                                        :
           Plaintiff,                   :
                                        :
v.                                      :     CIVIL ACTION
                                        :
SPRINGFIELD TERMINAL RAILWAY            :     NO. 03-12560-RGS
COMPANY                                 :
                                        :
           Defendant.                   :

**PLAINTIFF'S TRIAL MEMORANDUM**

The plaintiff brings this action against the defendant Springfield Terminal Railway Company ("Springfield) under a special Act of Congress entitled the Federal Employers' Liability Act. See 45 U.S.C.A. §§51, et seq. (1908) ("FELA"). For its part, the FELA provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents, or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, tracks, roadbeds, or work areas. See 45 U.S.C.A. §§51, et seq. (1908). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-6, Instruction 89-1 (1997).

The FELA imposes on a railroad a duty to exercise reasonable care to provide all of its employees with a reasonably safe place in which to work, reasonably safe conditions in which to perform their duties, and reasonably safe tools and equipment with which to complete their jobs. See Shenker v. Baltimore & Ohio R.R., 374 U.S. 1 (1963); Urie v. Thompson, 337 U.S. 163 (1949); Bailey v. Central Vermont R.R., 319 U.S. 350 (1943); Carter v. Union R.R., 438 F.2d 208 (3d Cir. 1971); Pehowic v. Erie Lackawanna R.R., 430 F.2d 697 (3d Cir. 1970). Under the FELA, a jury may find the defendant liable for plaintiff's injuries if it determines by a preponderance of the evidence that: (1) the defendant was a railroad engaged in interstate commerce; (2) the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment; (3) the defendant, by or through its employees, officers, or agents, was negligent; and, (4) such negligence played any part, no matter how slight, in producing the plaintiff's injury. See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-7, Instruction 89-2 (1997).

This non-delegable duty is continuing and imposes on a railroad a responsibility to inspect, maintain, and/or repair its property to ensure that its equipment, tools, machinery, and/or appliances and/or the surface conditions of its yards, tracks, and roadbeds are reasonably safe. See Shenker v. Baltimore & Ohio Ry., 374 U.S. 1 (1963); Harris v. Pennsylvania R.R., 361 U.S. 15 (1959); Webb v. Illinois Central R.R., 352 U.S. 512 (1957). It also includes a responsibility to make reasonable inspections of its premises and equipment to discover any dangers or defects and to take reasonable precautions to protect its employees from possible harm. See Shenker v. Baltimore & Ohio R.R., 374 U.S. 1 (1963). See generally 5 L. Sand, et al., Modern Federal Jury

2

Instructions, p. 89-34, Instruction 89-15 (1997).

In an FELA case, liability may be inferred completely from circumstantial evidence. See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957); Mendoza v. Southern Pacific Transportation Co., 733 F.2d 631 (9th Cir. 1984); Pekowic v. Erie Lackawanna R.R., 430 F.2d 697 (3d Cir. 1970); Moore v. Chesapeake & Ohio Ry., 493 F. Supp. 1252 (S.W.Va. 1980), aff'd, 649 F.2d 1004 (4th Cir. 1981). It may be based exclusively on inferences a jury draw from the facts and circumstances of the case which, in light of the jurors' ordinary experience, reasonably suggest that the railroad's negligence played even the slightest part in producing plaintiff's injury. See Henwood v. Coburn, 165 F.2d 418 (8th Cir. 1948). Moreover, under certain circumstances, a jury may infer negligence from the unexplained happening of an event which in the ordinary course of things would not occur in the absence of negligence. In order to do so, a jury must find by a preponderance of the evidence: First, that the thing which caused the injury was in the exclusive control of the defendant; Second, that the injury was one which in the ordinary course of things does not occur if the one having exclusive control uses proper care; and Third, that the injury was not due to any negligence on the part of the plaintiff. If these three conditions are met, the jury may infer that the defendant was negligent; or it may consider the inference as evidence of negligence which the defendant is entitled to, but not required to, rebut or explain. See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-40, Instruction 89-20 (1997).

The FELA, imposes on a railroad a non-delegable duty to guard against any risks or dangers of which it knew or by the exercise of reasonable care should have known. See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963); Urie v. Thompson, 337 U.S.

3

163 (1949). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-24, Instruction 89-10 (1997). A railroad, however, need not foresee the particular consequences of its negligent acts in order to be held liable under the FELA. See Gallick, supra. Thus, it must compensate the plaintiff for even the improbable or unexpectedly severe consequences of its negligence. See Gallick, supra. A jury may impute actual knowledge of a dangerous condition or defect to the railroad if its officers, agents, or employees knew or should have known of the condition. See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-26, Instruction 89-11 (1997).

In summary, if the defendant railroad failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work, reasonably safe conditions, tools or equipment, or failed in any other way to exercise reasonable care in the circumstance, it was negligent. See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-43, Instruction 89-21 (1997).

Under the FELA, a railroad is liable in damages for breaching its non-delegable duty to provide a safe place to work if the negligent acts or omissions of its officers, agents, or employees played any part, even the slightest, in producing plaintiff's injury. See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957). It does not matter that, from the evidence, a jury may also attribute plaintiff's injury to other causes. See Rogers, supra. The involvement of any other cause does not prevent a finding for the plaintiff, as long as a jury determines that the employer's negligence played any part, no matter how slight, in causing the injury. See Rogers, supra. See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-44, Instruction 89-22 (1997). Plaintiff, therefore, is

entitled to recover from the defendant should a jury find from a preponderance of the evidence that the railroad's negligent acts or omissions played any part, even the slightest, in producing his injuries. See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957).

Under the FELA, therefore, a railroad worker is entitled to assume that his employer properly discharged its duty to provide him a reasonably safe place to work and that he is not exposed to any hazards or dangers. See Cazad v. Chesapeake & Ohio Ry., 622 F.2d 72 (4th Cir. 1980); Williams v. Atlantic Coast Line R.R., 190 F.2d 744 (5th Cir. 1951); Pitt v. Pennsylvania R.R., 66 F. Supp. 443 (E.D.Pa. 1946), aff'd, 161 F.2d 733 (3d Cir. 1947). A railroad worker, therefore, is not required to anticipate that a fellow worker will perform his job in an unsafe or negligent manner. See Knierim v. Erie Lackawanna R.R., 424 F.2d 745 (2d Cir. 1970). It is, therefore, the railroad which has the burden of establishing by a preponderance of the evidence that the plaintiff was contributorily negligent. See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995). Indeed, a railroad may not avoid liability in an FELA action by asserting that the plaintiff assumed the risk of his employment. See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995). Thus, a jury may not find the plaintiff contributorily negligent based solely on his knowledge or acceptance of a dangerous condition or because he was working at a dangerous job. See Fashauer, supra. This is so even if the hazard or danger was obvious. See Rivera v. Farrell Lines, Inc., 474 F.2d 255 (2d Cir.), cert. denied, 414 U.S. 822 (1973); Hall v. American Steamship Co., 688 F.2d 1062 (6th Cir. 1982); Tolar v. Kinsman Marine Transit Co., 618 F.2d 1193 (6th Cir. 1980); Salem v. United States Lines Co., 293 F.2d 121 (2d Cir. 1961), aff'd in part, rev'd in part, 370 U.S. 31 (1962); Darlington v. National Bulk

5

Carriers, Inc., 157 F.2d 817 (2d Cir. 1946); Pedersen v. Diesel Tankers, Ira. S. Bushey, Inc., 280 F. Supp. 421 (S.D.N.Y. 1967).

Nor may a jury find contributory negligence on the part of the plaintiff simply because he acceded to the request or direction of a supervisor that he perform a dangerous job or discharge his duties in a dangerous place or under unsafe conditions. See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995). It is the duty of a railroad worker only to do the work assigned. See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995). It is not his duty to find the safest method of doing it, or to devise a safer method. See Fashauer, supra. Therefore, in considering the defendant's claim that the plaintiff was guilty of contributory negligence, a jury must bear in mind that the plaintiff is not chargeable with any negligent conduct of his employer. See Fashauer, supra. The plaintiff is only chargeable with his own actions. See Fashauer, supra. In connection with the defendant's claim of contributory negligence, therefore, a jury may consider only what the plaintiff himself did, or failed to do, at the time and place in question as shown by a preponderance of the evidence. See Fashauer, supra. Indeed, contributory negligence may not be asserted as a defense to mitigate plaintiff's damages should the evidence reveal that, at the time of the accident, the plaintiff violated a safety rule which was not enforced by the railroad or with which it was impossible to comply. Ybarro v. Burlington Northern, Inc., 689 F.2d 147 (8th Cir. 1982); Hancock v. Norfolk & Western Ry., 39 Ohio App.3d 77, 529 N.E.2d 937 (1987).

Under the FELA, the plaintiff is entitled to recover for: (1) any loss of earnings from the time of the accident to the present; (2) any loss of future earning capacity that he

sustained as a result of his injuries; and, (3) any past and future pain, suffering, or mental anguish that he has or will continue to suffer, including the effect of the injury sustained on the normal pursuits and pleasures of life. In addition, the plaintiff may also recover his lost fringe benefits, both past and future, and any out-of-pocket expenses, such as medical expenses. See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 89-57 and 89-58, Instructions 89-26 and 89-29 (1997). The defendant is also liable for all of the natural consequences flowing from its negligence, including the possible prolongation of disability resulting from the aggravation or exacerbation of a pre-existing condition. See United States Fidelity & Guaranty Co. v. United States, 152 F.2d 46 (2d Cir. 1945); Oliver v. Yellow Cab Co., 98 F.2d 192 (7th Cir. 1938); Pieczonka v. Pullman Co., 89 F.2d 353 (2d Cir. 1937); The Jefferson Myers, 45 F.2d 162 (2d Cir. 1930).

A FELA plaintiff may recover an award for future loss of earning capacity if he has produced competent evidence suggesting that his injuries have narrowed the range of economic opportunities available to him. Gorniak v. National Railroad Passenger Corporation, 889 F.2d 481, 484 (3rd Cir. 1989) (citing Wiles v. New York, Chicago, and St. Louis R.R. Co., 283 F.2d 328, 332 (3rd Cir. 1960). This means that a plaintiff need not, as a prerequisite to recovery, prove that in the near future he will earn less money then he would have but for his injury. Id. Rather, a plaintiff must show that his injury has caused a diminution in his ability to earn a living. Id. The admissibility of evidence regarding future earning capacity is within the wide discretion of the trial judge. See O'Rouke v. Eastern Air Lines, Inc., 730 F.2d 842, 855 (2d Cir. 1984); Shatkin v. McDonnell Douglas Corp., 727 F.2d 202, 207 (2d Cir. 1984).

The necessarily speculative nature of a claim for future loss of earning capacity is

not grounds for removing it from a jury. As the <u>Wiles</u> Court explained,

> We cannot say that there [is] a significant larger element of speculation in arriving at an estimate of [a plaintiff's] loss of future earnings than there would be in any ordinary instance requiring an estimate of damages by a jury. Since none of us is capable of foreseeing the future with any substantial degree of certainty, every estimate of damages must contain elements of speculation.

<u>Wiles</u>, 283 F.2d at 332. Courts have long "expressed a preference for leaving a resolution of any uncertainty about whether circumstances [affecting a plaintiff's future earning] will come to pass to a properly instructed jury; a jury that may consider and weigh all the relevant factors and determine what price to place on a narrowing of the plaintiff's economic horizons." <u>Gorniak</u>, 889 F.2d at 484.

The Plaintiff,
DAVID DEITZEL,
By his attorney,


__/s/_____
Rudolph V. DeGeorge, II, Esq.
Barish Rosenthal
Three Parkway - Suite 1320
1601 Cherry Street
Philadelphia, PA 19102
(215) 923-8900

**CERTIFICATE OF SERVICE**

    I, Rudolph V. De George, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those identified as non-registered participants on September 26, 2006.

                                            /s/
                                Rudolph V. De George, II, Esq.