## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DAVID DEITZEL                                        :
                                                     :
                    Plaintiff,                       :
                                                     :
v.                                                   :            CIVIL ACTION
                                                     :
SPRINGFIELD TERMINAL RAILWAY          :            NO. 03-12560-RGS
COMPANY                                              :
                                                     :
                    Defendant.                       :

## PLAINTIFF'S REQUESTED POINTS FOR CHARGE

The learned Trial Judge is respectfully requested to charge the jury as follows:

1.      The plaintiff brings this action against the defendant, Springfield Terminal

Railway Company ("Springfield") under a special Act of Congress entitled the Federal

Employers' Liability Act. See 45 U.S.C.A. §§51, et seq. (1908) ("FELA"). That Act

provides in substance that every railroad engaged in interstate commerce shall be liable in

damages for injuries to its employees resulting in whole or in part from the negligence of

any of its officers, agents, or employees or from any defect or deficiency, due to its

negligence, in its cars, machinery, tracks, roadbeds, or work areas. See 45 U.S.C.A.

§§51, et seq. (1908). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p.

89-6, Instruction 89-1 (1997).

2.      Under the FELA, you may find the defendant liable for plaintiff's injuries if you determine by a preponderance of the evidence that: (1) the defendant was a railroad engaged in interstate commerce; (2) the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment; (3) the defendant, by or through its employees, officers, or agents, was negligent; and, (4) such negligence played any part, no matter how slight, in producing the plaintiff's injury. <u>See generally</u> 5 L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, p. 89-7, Instruction 89-2 (1997).

3.    Since the defendant is a corporate entity, which can act only through its officers, employees, and agents, it is liable under the FELA for their negligence. Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can consist of doing something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances. See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963); Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-22, Instruction 89-9 (1997).

4.    The degree of care which must be exercised, however, varies with the level of risk.  The greater the risk of harm, the greater the required level of care.  See <u>Urie v. Thompson</u>, 337 U.S. 163 (1949); <u>Bailey v. Central Vermont Ry.</u>, 319 U.S. 350 (1943); <u>Tiller v. Atlantic Coast Line R.R.</u>, 318 U.S. 54 (1943).  <u>See</u> <u>generally</u> 5 L. Sand, <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u>, p. 89-28, Instruction 89-12 (1997).

5.    The Federal Employers' Liability Act imposes on a railroad a duty to exercise reasonable care to provide all of its employees with a reasonably safe place in which to work, reasonably safe conditions in which to perform their duties, and reasonably safe tools and equipment with which to complete their jobs.  See Shenker v. Baltimore & Ohio R.R., 374 U.S. 1 (1963); Urie v. Thompson, 337 U.S. 163 (1949); Bailey v. Central Vermont R.R., 319 U.S. 350 (1943); Carter v. Union R.R., 438 F.2d 208 (3d Cir. 1971); Pehowic v. Erie Lackawanna R.R., 430 F.2d 697 (3d Cir. 1970).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-29, Instruction 89-13 (1997).

6.     This non-delegable duty is continuing and imposes on a railroad a responsibility to inspect, maintain, and/or repair its property to ensure that its equipment, tools, machinery, and/or appliances and/or the surface conditions of its yards, tracks, and roadbeds are reasonably safe.  See Shenker v. Baltimore & Ohio Ry., 374 U.S. 1 (1963); Harris v. Pennsylvania R.R., 361 U.S. 15 (1959); Webb v. Illinois Central R.R., 352 U.S. 512 (1957).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 89-34 and 89-35, Instructions 89-15 and 89-16 (1997).

7.      This non-delegable duty includes a responsibility to provide equipment, tools, machinery, and appliances which are reasonably safe and suitable for their contemplated use.  See Pitt v. Pennsylvania R.R., 66 F. Supp. 443 (E.D.Pa. 1946), aff'd, 161 F.2d 733 (3d Cir. 1947).

8.      This non-delegable duty imposes on a railroad a responsibility to make reasonable inspections of its premises and equipment to discover any dangers or defects and to take reasonable precautions to protect its employees from possible harm.  <u>See</u> <u>Shenker v. Baltimore & Ohio R.R.</u>, 374 U.S. 1 (1963).  <u>See</u> <u>generally</u> 5 L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, p. 89-34, Instruction 89-15 (1997).

9.    A railroad may also be found negligent under the FELA if it fails to prescribe, promulgate, and/or enforce adequate rules, procedures, and regulations for the safe operation of its equipment, tools, machinery, and appliances.  See Moore v. Chesapeake & Ohio Ry., 649 F.2d 1004 (4th Cir. 1981); Phillips v. Chesapeake & Ohio Ry., 475 F.2d 22 (4th Cir. 1973).

10.    It also imposes on a railroad a responsibility to train and/or instruct its employees on these rules, procedures, and regulations.  See  Phillips v. Chesapeake & Ohio Ry., 475 F.2d 22 (4th Cir. 1973).

11.     And it obligates a railroad to properly instruct its employees on the safe operation of its equipment, tools, machinery, and appliances. <u>See</u> <u>Stone v. New York, Chicago & St. Louis R.R.</u>, 344 U.S. 407 (1953); <u>Ybarra v. Burlington Northern, Inc.</u>, 689 F.2d 147 (8th Cir. 1982); <u>Heater v. Chesapeake & Ohio Ry.</u>, 497 F.2d 1243 (7th Cir.), <u>cert</u>. <u>denied</u>, 419 U.S. 1013 (1974).  Thus, you may find the defendant  negligent if you find that it instructed its employees to perform a task using a procedure or method which it knew or in the exercise of reasonable care should have known would result in injury. <u>See</u> <u>generally</u> 5 L. Sand, <u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, p. 89-37, Instruction 89-18 (1997).

12.     Concerning negligence, under certain circumstances, you may infer negligence from the unexplained happening of an event which in the ordinary course of things would not occur in the absence of negligence.

Before you may make such an inference, you must find by a preponderance of the evidence:

First, that the thing which caused the injury was in the exclusive control of the defendant;

Second, that the injury was one which in the ordinary course of things does not occur if the one having exclusive control uses proper care; and

Third, that the injury was not due to any negligence on the part of the plaintiff.

If you find that these three conditions are met, you may infer that the defendant was negligent; or you may consider the inference as evidence of negligence which the defendant is entitled to, but not required to, rebut or explain.

Whether you make the inference as I have just described is for you to decide.  If you find the factors I have specified are present, you may, but are not required to draw an inference of negligence.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-40, Instruction 89-20 (1997).

13.     Even when the railroad takes precautions for an employee's safety, it cannot escape liability if further remedial measures were both possible and reasonable yet not effectuated.  See Williams v. Long Island R.R., 196 F.3d 402 (2d Cir. 1999); Martinez v. Union Pacific R.R., 82 F.3d 223 (8th Cir. 1996); Eggert v. Norfolk & Western Ry., 538 F.2d 509 (2d Cir. 1976); Panger v. Duluth, Winnipeg & Pacific Ry., 490 F.2d 1112 (8th Cir. 1974); Rodriguez v. Delray Connecting R.R., 473 F.2d 819 (6th Cir. 1973); Schillie v. Atchison, Topeka & Santa Fe Ry., 222 F.2d 810 (8th Cir. 1955); Boston & Maine R.R. v. Meech, 156 F.2d 109 (1st Cir.), cert. denied, 329 U.S. 763 (1946); Morgan v. Consolidated Rail Corp., 509 F. Supp. 281 (S.D.N.Y. 1980); Isgett v. Seaboard Coast Line R.R., 332 F. Supp. 1127 (D.S.C. 1971); Seeberger v. Burlington Northern R.R., 138 Wash.2d 815, 982 P.2d 1149 (1999); Missouri-Kansas-Texas R.R. v. Miller, 486 P.2d 630 (Okla. 1971); Wright v. Chicago, Burlington & Quincy R.R., 392 S.W.2d 401 (Mo. 1965); Welsh v. Burlington Northern R.R., 719 S.W.2d 793 (Mo.App. 1986); Campbell v. Chesapeake & Ohio Ry., 36 Ill.App.2d 276, 183 N.E.2d 736 (1962); Wawryszyn v. Illinois Central R.R., 10 Ill.App.2d 394, 135 N.E.2d 154 (1956).

14.    The FELA, therefore, imposes on a railroad a non-delegable duty to guard against any risks or dangers of which it knew or by the exercise of reasonable care should have known.  See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963); Urie v. Thompson, 337 U.S. 163 (1949).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-24, Instruction 89-10 (1997).  A railroad, however, need not foresee the particular consequences of its negligent acts in order to be held liable under the FELA.  See Gallick, supra.  Thus, it must compensate the plaintiff for even the improbable or unexpectedly severe consequences of its negligence.  See Gallick, supra.

15.    You may impute actual knowledge of a dangerous condition or defect to the railroad if its officers, agents, or employees knew or should have known of the condition.  See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-26, Instruction 89-11 (1997).

16.    You may also impute constructive knowledge of a dangerous condition or defect to the railroad if the evidence reveals that the hazard has existed for a sufficiently long period of time that the defendant, upon reasonable inspection, should have discovered it.  See Baltimore & Ohio R.R. v. Flechtner, 300 F. 318 (6th Cir.), cert. denied, 266 U.S. 613 (1924); Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967 (1938), cert. denied, 307 U.S. 646 (1939); Doyle v. St. Louis Merchants' Bridge Terminal Ry., 326 Mo. 425, 31 S.W.2d 1010 (1930), cert. denied, 283 U.S. 820 (1931); Galveston, Harrisburg & San Antonio Ry. v. Miller, 192 S.W. 593 (Tex.App. 1917).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-26, Instruction 89-11 (1997).

17.     The railroad's non-delegable duty to provide its employees a reasonably safe place to work also applies to its assignment of employees to particular tasks.  Thus, the defendant may be found negligent if you find that it knew or should have known that the plaintiff was performing duties which were beyond his physical capabilities, would aggravate pre-existing conditions, or would otherwise cause him harm.  See Ybarra v. Burlington Northern Inc., 689 F.2d 147 (8th Cir. 1982); Fletcher v. Union Pacific R.R., 621 F.2d 902 (8th Cir. 1980), cert. denied, 449 U.S. 1110 (1981); Nuttall v. Reading Co., 235 F.2d 546 (3d Cir. 1956).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-36, Instruction 89-17 (1997).

18.    You may also find the railroad negligent if you determine that it knew or should have known that the plaintiff was performing his duties with inadequate assistance or was employing a procedure or method which would result in injury.  See Stone v. New York, Chicago & St. Louis R.R., 344 U.S. 407 (1953); Heater v. Chesapeake & Ohio Ry., 497 F.2d 1243 (7th Cir.), cert. denied, 419 U.S. 1013 (1974); Ybarra v. Burlington Northern, Inc., 689 F.2d 147 (8th Cir. 1982).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-37, Instruction 89-18 (1997).

19.     In summary, if you find by a preponderance of the evidence that the defendant railroad failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work, reasonably safe conditions, tools or equipment, or failed in any other way to exercise reasonable care in the circumstance, you may find that it was negligent.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-43, Instruction 89-21 (1997).

20.    In addressing the question of negligence, you may consider whether the railroad's conduct violated its own safety rules or customary practices in the industry. <u>See</u> <u>Armstrong v. Burlington Northern R.R.</u>, 139 F.3d 1277 (9th Cir. 1998); <u>Moses v. Union</u> <u>Pacific R.R.</u>, 64 F.3d 413 (8th Cir. 1995); <u>DeBiasio v. Illinois Central R.R.</u>, 52 F.3d 678 (7th Cir. 1995), <u>cert</u>. <u>denied</u>, 516 U.S. 1157 (1996); <u>Fulton v. St. Louis-San Francisco</u> <u>Ry.</u>, 675 F.2d 1130 (10th Cir. 1982); <u>Brown v. Cedar Rapids & Iowa City Ry.</u>, 650 F.2d 159 (8th Cir. 1981); <u>Mileski v. Long Island R.R.</u>, 499 F.2d 1169 (2d Cir. 1974); <u>Duncan</u> <u>v. St. Louis-San Francisco Ry.</u>, 480 F.2d 79 (8th Cir.), <u>cert</u>. <u>denied</u>, 414 U.S. 859 (1973); <u>Boston & Maine R.R. v. Talbert</u>, 360 F.2d 286 (1st Cir. 1966); <u>Johnson v. Erie</u> <u>Lackawanna R.R.</u>, 236 F.2d 352 (2d Cir. 1956); <u>Haines v. Reading R.R.</u>, 178 F.2d 918 (3d Cir. 1950).  <u>See generally</u> 5 L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, pp. 89-38 and 89-39, Instruction 89-19 (1997).

21.     A railroad's compliance with these customs or rules, however, does not insulate it from liability.  It may still be found negligent where these customs or rules do not reflect the level of care which a reasonably prudent person would exercise under the circumstances.  See Urie v. Thompson, 337 U.S. 163 (1949).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 89-38 and 89-39, Instruction 89-19 (1997).  An industry may never set its own standards.  The T.J. Hooper, 60 F.2d 737 (2d Cir. 1932), cert. denied, Eastern Transportation Co. v. Northern Barge Corp., 287 U.S. 602 (1932). Even its universal disregard of a precautionary measure may not preclude a finding of liability should you determine that common procedure would dictate its implementation. See The T.J. Hooper, supra.

22.     Under the FELA, a railroad is liable in damages for breaching its non-delegable duty to provide a safe place to work if the negligent acts or omissions of its officers, agents, or employees played any part, even the slightest, in producing plaintiff's injury.  See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957).  It does not matter that, from the evidence, you may also attribute plaintiff's injury to other causes.  See Rogers, supra.  The involvement of any other cause does not prevent a finding for the plaintiff, as long as you determine that the employer's negligence played any part, no matter how slight, in causing the injury.  See Rogers, supra.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-44, Instruction 89-22 (1997).

23      Plaintiff, therefore, is entitled to recover from the defendant should you find from a preponderance of the evidence that the railroad's negligent acts or omissions played any part, even the slightest, in producing his injuries.  See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957).

24.     In an FELA case, liability may be inferred completely from circumstantial evidence.  See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957); Mendoza v. Southern Pacific Transportation Co., 733 F.2d 631 (9th Cir. 1984); Pekowic v. Erie Lackawanna R.R., 430 F.2d 697 (3d Cir. 1970); Moore v. Chesapeake & Ohio Ry., 493 F. Supp. 1252 (S.W.Va. 1980), aff'd, 649 F.2d 1004 (4th Cir. 1981).  It may be based exclusively on inferences you draw from the facts and circumstances of the case which, in light of your ordinary experience, reasonably suggest that the railroad's negligence played even the slightest part in producing plaintiff's injury.  See Henwood v. Coburn, 165 F.2d 418 (8th Cir. 1948).

25.    Under all the law and evidence, the defendant Springfield is guilty of negligence as a matter of law.

26.    Under the FELA, therefore, a railroad worker is entitled to assume that his employer properly discharged its duty to provide him a reasonably safe place to work and that he is not exposed to any hazards or dangers.  See Cazad v. Chesapeake & Ohio Ry., 622 F.2d 72 (4th Cir. 1980); Williams v. Atlantic Coast Line R.R., 190 F.2d 744 (5th Cir. 1951); Pitt v. Pennsylvania R.R., 66 F. Supp. 443 (E.D.Pa. 1946), aff'd, 161 F.2d 733 (3d Cir. 1947).

27.    A railroad worker, therefore, is not required to anticipate defects or dangerous conditions of which he has no knowledge.  See Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943); Birchem v. Burlington Northern R.R., 812 F.2d 1047 (8th Cir. 1987); Almendarez v. Atchison, Topeka & Santa Fe Ry., 426 F.2d 1095 (5th Cir. 1970); Koshorek v. Pennsylvania R.R., 318 F.2d 364 (3d Cir. 1963); Johnson v. Erie R.R., 236 F.2d 352 (2d Cir. 1956); Thomas v. Union Ry., 216 F.2d 18 (6th Cir. 1954); Atlantic Coastline R.R. v. Burkett, 192 F.2d 941 (5th Cir. 1951); Mumma v. Reading Co., 247 F. Supp. 252 (E.D.Pa. 1965).

28.     Nor is a railroader bound to foresee that a fellow worker will perform his job in an unsafe or negligent manner.  See Knierim v. Erie Lackawanna R.R., 424 F.2d 745 (2d Cir. 1970).

29.    It is, therefore, the railroad which has the burden of establishing by a preponderance of the evidence that the plaintiff was contributorily negligent.  <u>See</u> <u>Fashauer v. New Jersey Transit Rail Operations, Inc.</u>, 57 F.3d 1269 (3d Cir. 1995).

30.    The mere fact that I mention contributory negligence does not mean that the plaintiff was in fact guilty of contributory negligence. I am merely doing my duty in advising you of all the considerations, however remote, involved in a lawsuit of this type. You should not take the fact that I have mentioned contributory negligence to mean that it is present in this case in any way.

31.     Indeed, a railroad may not avoid liability in an FELA action by asserting that the plaintiff assumed the risk of his employment.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).  Thus, you may not find the plaintiff contributorily negligent based solely on his knowledge or acceptance of a dangerous condition or because he was working at a dangerous job.  See Fashauer, supra. This is so even if the hazard or danger was obvious.  See Rivera v. Farrell Lines, Inc., 474 F.2d 255 (2d Cir.), cert. denied, 414 U.S. 822 (1973); Hall v. American Steamship Co., 688 F.2d 1062 (6th Cir. 1982); Tolar v. Kinsman Marine Transit Co., 618 F.2d 1193 (6th Cir. 1980); Salem v. United States Lines Co., 293 F.2d 121 (2d Cir. 1961), aff'd in part, rev'd in part, 370 U.S. 31 (1962); Darlington v. National Bulk Carriers, Inc., 157 F.2d 817 (2d Cir. 1946); Pedersen v. Diesel Tankers, Ira. S. Bushey, Inc., 280 F. Supp. 421 (S.D.N.Y. 1967).

32.     Nor may you find contributory negligence on the part of the plaintiff simply because he acceded to the request or direction of a supervisor that he perform a dangerous job or discharge his duties in a dangerous place or under unsafe conditions. See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).

33.    It is the duty of a railroad worker only to do the work assigned. <u>See</u>
<u>Fashauer v. New Jersey Transit Rail Operations, Inc.</u>, 57 F.3d 1269 (3d Cir. 1995). It is
not his duty to find the safest method of doing it, or to devise a safer method. <u>See</u>
<u>Fashauer, supra</u>. Therefore, in considering the defendant's claim that the plaintiff was
guilty of contributory negligence, you must bear in mind that the plaintiff is not
chargeable with any negligent conduct of his employer. <u>See Fashauer, supra</u>. The
plaintiff is only chargeable with his own actions. <u>See Fashauer, supra</u>. In connection
with the defendant's claim of contributory negligence, therefore, you may consider only
what the plaintiff himself did, or failed to do, at the time and place in question as shown
by a preponderance of the evidence. <u>See Fashauer, supra</u>.

34.     Nor may you find the plaintiff guilty of contributory negligence if the evidence reveals that, at the time of the accident, he violated a safety rule which was not enforced by the railroad or with which it was impossible to comply.  Ybarro v. Burlington Northern, Inc., 689 F.2d 147 (8th Cir. 1982); Hancock v. Norfolk & Western Ry., 39 Ohio App.3d 77, 529 N.E.2d 937 (1987).

35.    It is, however, important that you realize that even if you find the plaintiff contributorily negligent, this does not prevent him from recovering damages.  Under these circumstances, your verdict should nonetheless be in his favor if you find that the railroad's negligence also played a part, no matter how slight, in causing the injuries.  The Court will then reduce the amount of damages awarded to the plaintiff by the percentage you should find that his negligence, if any, contributed to the accident.  See Carter v. Atlantic St. Andrews Bay Ry., 338 U.S. 430 (1949).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-49, Instruction 89-23 (1997).

36.     Under all the law and evidence, the plaintiff is not guilty of contributory negligence as a matter of law.

37.    Under all of the law and evidence, your verdict must be for the plaintiff and against the defendant, Springfield.

38.     If you find in favor of the plaintiff, you must then determine the amount of monetary damages which you believe will fairly and justly compensate him for the injuries sustained as a result of the defendant's negligence.  Under the FELA, the plaintiff is entitled to recover for: (1) any loss of earnings from the time of the accident to the present; (2) any loss of future earning capacity that he sustained as a result of his injuries; and, (3) any past and future pain, suffering, or mental anguish that he has or will continue to suffer, including the effect of the injury sustained on the normal pursuits and pleasures of life.  In addition, the plaintiff may also recover his lost fringe benefits, both past and future, and any out-of-pocket expenses, such as medical expenses.  <u>See</u> <u>generally</u> 5 L. Sand, <u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, pp. 89-57 and 89-58, Instructions 89-26 and 89-29 (1997).

39.     The fact that plaintiff's physical condition prior to the accident may have made him susceptible to greater injury and loss than could have been anticipated by the railroad does not in any way reduce his recovery in this case. A tortfeasor takes his victim as he finds him and is liable for the full extent of the damages sustained, even if they are greater than he could have foreseen because the plaintiff is particularly susceptible to injury. Thus, a railroad whose actions exacerbate or aggravate a pre-existing asymptomatic condition is nonetheless liable for all of the plaintiff's resulting losses. See Tabor v. Miller and Stearns, 389 F.2d 645 (3d Cir.), cert. denied, 391 U.S. 915 (1968); Pavorsky v. Engels, 410 Pa. 100, 188 A.2d 731 (1963).

40.    If you cannot separate the pain or disability caused by a pre-existing condition from that caused by defendant's negligent exacerbation or aggravation of it, you must hold the railroad liable for all of plaintiff's injuries.  See Stevens v. Bangor & Aroostook R.R., 97 F.3d 594 (1st Cir. 1996).  Under these circumstances, the burden of apportioning plaintiff's damages is on the defendant.  See Stevens, supra.

41.    Under the FELA, therefore, you may hold the defendant liable for all of the natural consequences flowing from its negligence, including the possible prolongation of disability resulting from the aggravation or exacerbation of a pre-existing condition. See United States Fidelity & Guaranty Co. v. United States, 152 F.2d 46 (2d Cir. 1945); Oliver v. Yellow Cab Co., 98 F.2d 192 (7th Cir. 1938); Pieczonka v. Pullman Co., 89 F.2d 353 (2d Cir. 1937); The Jefferson Myers, 45 F.2d 162 (2d Cir. 1930).

42.    If you find that the plaintiff is entitled to damages, you must award him such sum of money as in your best judgment will reasonably compensate him for the injury he sustained.  In arriving at the monetary value of such injury, you must take into consideration the loss of bodily function, the inability to generally pursue life's pleasures, and the inconvenience of going through life with the injuries sustained as a result of the railroad's negligence.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-58, Instruction 89-29 (1997).

43.     In determining plaintiff's loss of future earnings, you must ascertain the difference between the yearly amounts which he probably would or could have earned during his life expectancy but for his injuries and the amounts, if any, which he will probably be able to earn during the period of his life expectancy.  See Wiles v. New York, Chicago & St. Louis R.R., 283 F.2d 328 (3d Cir.), cert. denied, 364 U.S. 900 (1960).

44.    Moreover, in determining the amount of plaintiff's lost future earnings, you must take into consideration fluctuations with respect to such losses.  See Wiles v. New York, Chicago & St. Louis R.R., 283 F.2d 328 (3d Cir.), cert. denied, 364 U.S. 900 (1960).  Thus, if you find that the plaintiff would have received raises due to years of service, merit, promotions, or general increases, had he not sustained injury, that factor must be taken into consideration so that proper compensation may be made.  See Wiles, supra.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-66, Instruction 89-33 (1997).

45.     You must bear in mind, however, that this element of damages is designed

to compensate the plaintiff for the diminution he sustained in the range of economic

opportunities available to him as a result of his injuries.  See Gorniak v. National R.R.

Passenger Corp., 889 F.2d 481 (3d Cir. 1989).  In assessing this element of damages,

therefore, the true test is whether the evidence shows a loss of earning power and ability

to earn and not whether there has been an actual loss of earnings.  See Gorniak, supra.

46.     This means that a plaintiff need not, as a prerequisite to recovery, prove that in the future he will earn less money than he would have but for his injury. See Gorniak v. National R.R. Passenger Corp., 889 F.2d 481 (3d Cir. 1989). Rather, a plaintiff must show only that his injury has caused a diminution in his ability to earn a living. Gorniak, supra. Such a diminution includes a decreased ability to compete in the job market, weather adverse economic circumstances such as a discharge or layoff, or voluntarily obtain other employment. See Gorniak, supra. See also Moore v. Chesapeake & Ohio R.R., 649 F.2d 1004 (4th Cir. 1981).

47.    Where permanent injuries are involved, the compensation for plaintiff's impairment of earning capacity must consider his whole life span.  See Wiles v. New York, Chicago & St. Louis R.R., 283 F.2d 328 (3d Cir.), cert. denied, 364 U.S. 900 (1960).  The test is whether the plaintiff's earnings horizon has been shortened due to the injury.  See Wiles, supra.

48.    Under the FELA, the burden falls on the railroad to prove that the plaintiff failed to make reasonable efforts to mitigate his damages.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995); Jones v. Consolidated Rail Corp., 800 F.2d 590 (6th Cir. 1986).

49.     Under all of the law and the evidence, the defendant has failed to establish the affirmative defense of failure to mitigate damages.

50.    You must, therefore, award the plaintiff a fair and reasonable sum as in your best judgment will compensate him for all of the pain and suffering which he has endured in the past and which he will endure in the future. In arriving at such sum, you may take into consideration the bodily deformity, disfigurement, embarrassment, humiliation, inconvenience, and loss of life's pleasures that he suffers as a result of his injuries. There is no yardstick to measure the monetary value of such pain and suffering. You must use your common experience and good judgment in arriving at an amount which will reasonably compensate the plaintiff for such pain and suffering, bodily deformity, disfigurement, embarrassment, humiliation, inconvenience, and loss of life's pleasures that he has and will continue to suffer over the course of his lifetime.

51.  5 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction 89-35 (1997).

The Plaintiff,
DAVID DEITZEL,
By his attorney,


    /s/
Rudolph V. DeGeorge, II, Esq.
Barish Rosenthal
Three Parkway - Suite 1320
1601 Cherry Street
Philadelphia, PA 19102
(215) 923-8900