# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civil Action No.: 03-12560RGS**

| | |
|---|---|
| **DAVID DEITZEL** | ) |
| **Plaintiff,** | ) |
| **vs.** | ) |
| **SPRINGFIELD TERMINAL** | ) |
| **RAILWAY COMPANY** | ) |
| **Defendant.** | ) |

## DEFENDANT, SPRINGFIELD TERMINAL RAILWAY COMPANY'S, REQUEST FOR INSTRUCTIONS TO THE JURY

Pursuant to Federal Rule of Civil Procedure 51, the defendant, Springfield

Terminal Railway Company, requests that the following instructions be given to the jury

by this Court. The defendant further requests leave of this Court to submit appropriate

amendments and supplements.

Respectfully submitted,
By the Defendant,
Springfield Terminal Railway Corporation,
By its attorneys,


_____/s/_____
John J. O'Brien, Jr. BBO# 375885
O'Brien & von Rosenvinge, P. C.
27 Mica Lane, Suite 202
Wellesley, MA 02481
(781) 239-9988

DATED: 9/26/06

# INSTRUCTION NO. 1

The burden is on the plaintiff to prove every essential element of his claim by a preponderance of the evidence.  The burden is not on the defendant to disprove the plaintiff's claims.  If the plaintiff has failed to establish any essential element of his claim by a preponderance of the evidence, your verdict must be in favor of the defendant.

Swartz v. General Motors Corp., Inc., 375 Mass. 628 (1978).

## INSTRUCTION NO. 2

If you must guess or speculate concerning any essential element of the plaintiff's claims against the defendant, then you must conclude that the plaintiff has failed to meet his burden of proof and must find against him.

**INSTRUCTION NO. 3**

In order to prove negligence on the part of the defendant, the plaintiff must prove:

1.      That the defendant owed a duty of care to the plaintiff;

2.      That the defendant breached a duty of care, that is engaged in

        unreasonable conduct in the face of a foreseeable risk of harm; and

3.      That the plaintiff was, as a direct and proximate result of the defendant's

        conduct, injured.

Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 538 (1994).

## **INSTRUCTION NO. 4**

Even if you were to find that the conduct of the defendant was negligent under the circumstances of this case, you must determine whether the negligent conduct was the proximate cause of the plaintiff's injuries.

An injury is proximately caused by an act, or failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injuries or damages; and that the injuries were either direct results or reasonable probable consequences of the act or omission.

Restatement of Torts (Second) § 431 (1965).

### INSTRUCTION NO. 5

The law does not make the defendant-railroad company an insurer of its employees, nor of the safety of the places in which its employees' work.  The defendant is not bound to anticipate every possible accident because a railroad is necessarily attended by some danger, and it is impossible to eliminate all danger.  The defendant is bound only to exercise the care which the particular circumstances reasonably demand. The basis of the defendant's liability, if any, is negligence and not the mere fact that an injury occurs while the plaintiff is working.  Moreover, in order to find the defendant liable for the plaintiff's injuries, the defendant's negligence must, in whole or in part, have caused the plaintiff's injury.

Ellis v. Union Pacific Railroad, 329 U.S. 649, 653 (1946).

Reese v. Philadelphia & Reading Ry., 239 U.S. 463, 465 (1915)

## INSTRUCTION NO. 6

The mere happening of an accident causing injuries to the plaintiff does not make the defendant liable nor does it raise any presumption of negligence on the part of the defendant. Accidents frequently occur through no one's fault. The burden of proof is upon the plaintiff to prove by a preponderance of the evidence that the defendant was negligent and that plaintiff's injury resulted, in whole or in part, from such negligence. Negligence cannot be inferred merely from the happening of an accident since an accident may occur without negligence on the part of anyone.

Ellis v. Union Pacific Railroad, 329 U.S. 649, 653 (1946).

Wilkerson v. McCarthy, 336 U.S. 53, 61 (1948).

## **INSTRUCTION NO. 7**

You are instructed that the defendant is not liable for those risks or dangers which it could not avoid in the observance of its duty of due care.  In order to recover, the plaintiff is required to prove by a preponderance of the evidence that the defendant, through its agents, servants or employees, was negligent and that such negligence caused the plaintiff's accident and resulting injury.  If you find from a preponderance of the evidence that the dangers, if any, to which the plaintiff was subjected, and which caused his injury, if any, could not have been avoided by the defendant in the exercise of reasonable care, then the plaintiff is not entitled to recover against the defendant.

Crowder v. Atchison Topeka & Santa Fe Ry., 256 P.2d 85 (1953).

## **INSTRUCTION NO. 8**

The law recognizes what may be called unavoidable or inevitable accidents.

These are pure accidents or misadventures which occur through the fault of no one.  If

you find that the plaintiff's injury resulted from an unavoidable or inevitable accident,

you must return a verdict for the defendant.

Williams v. Union Pacific Railroad, 286 F.2d 50, 55 (1960).

Conner v. Union Pacific Railroad, 219 F.2d 799 (1955).

### INSTRUCTION NO. 9

You have been told that this case is one where the plaintiff alleges that the defendant was negligent. You have also been instructed on the meaning of "negligence," and that the causal relationship between the alleged negligence, if any, and the plaintiff's alleged injury must be proven by the plaintiff by a preponderance of the evidence.

Now there is a further requirement in establishing negligence, namely that the defendant, through its agents, servants or employees, using ordinary caution and prudence, should have foreseen that some injury would probably arise from their acts or omissions. You are so instructed because "reasonable foreseeability of harm" is an essential element of negligence, pursuant to the Federal Employer's Liability Act. The defendant's duties are measured by what is reasonably foreseeable under the circumstances, by what in the light of the facts then known, should reasonably have been anticipated.

Gallick v. Baltimore & Ohio Railroad, 372 U.S. 108 (1963).

Inman v. Baltimore & Ohio Railroad, 361 U.S. 138 (1959).

**INSTRUCTION NO. 10**

The plaintiff cannot recover in this case by merely proving that the work involved was difficult or inconvenient in some way.  In order to recover, the plaintiff must prove that the defendant was negligent and that such negligent, in whole or in part, caused the plaintiff's injury.

## INSTRUCTION NO. 11

The defendant was not required to furnish the plaintiff with the latest, best, or most perfect appliances with which to work, nor to discard standard appliances already in use upon discovery of later improvements, provided that those appliances in use are reasonably safe and suitable.  You may not find the defendant liable merely because there may be a safer method of performing the work in question.

Atlantic Coast Line Railroad v. Dixon, 189 F.2d 525, 527 (5th Cir.1951), cert. denied, 342 U.S. 830 (1951).

Isgett v. Seaboard Coast Line Railroad, 332 F.Supp. 1127 (1971).

## **INSTRUCTION NO. 12**

You may not find the defendant negligent for failure to guard against a bare possibility of injury.

Brady v. Southern Railway, 320 U.S. 476, 483 (1943).

## INSTRUCTION NO. 13

The mere happening of an accident or injury to an employee while he is engaged in operations for the defendant-railroad company will not warrant a recovery in favor of the plaintiff and against the defendant. The limit of the duty of the railroad is to exercise ordinary care under all of the facts and circumstances.

45 U.S.C. § 51

Atlantic Coast Line Railroad v. Dixon, 189 F.2d 525, 527 (5th Cir.1951), cert. denied, 342 U.S. 830 (1951).

## INSTRUCTION NO. 14

The defendant was not required to exercise toward the plaintiff the highest degree of care. The standard by which a party's performance is measured is the conduct expected of an ordinary prudent person in similar circumstances. The standard is not established by the most prudent person conceivable, nor by the least prudent, but by the person who is thought to be ordinarily prudent acting under the same or similar circumstances.

Brady v. Southern Railway, 320 U.S. 476 (1943).

## INSTRUCTION NO. 15

Although the defendant is not the insurer or guarantor of the safety of its employees, the defendant is under a duty to exercise reasonable care to provide the plaintiff with a reasonably safe place to work. This duty of exercising reasonable care means that degree of care commensurate with the danger reasonably to be anticipated. "The railroad is not held to an absolute responsibility for the reasonably safe condition of the place, tools and appliances, but only to the duty of exercising reasonable care to that end." The railroad is "not required to furnish to the employee the latest, best or most perfect [place or] appliances with which to work, nor to discard standard [places or] appliances already in use upon the discovery of later improvements, provided those in use are reasonably safe and suitable."

Atlantic Coast Line Railroad v. Dixon, 189 F.2d 525, 527 (5th Cir.1951), cert. denied, 342 U.S. 830 (1951).

Chicago & North West Railroad v. Dixon, 241 U.S. 470 (1916).

## INSTRUCTION NO. 16

In order to find the defendant-railroad negligent for failing to provide additional help, you must find that the defendant knew, or reasonably should have known, that there was a definite need for additional help in order to prevent injury to employees occupying the status of the plaintiff. Mere convenience is not the test for need, for if it were, every job, no matter how trivial, would require a helper.

Pasionek v. New York, New Haven & H. Railroad, 323 F.2d 375 (1st Cir. 1958).

## INSTRUCTION NO. 17

The defendant cannot be charged with negligence in this case by failing to anticipate that the plaintiff would not exercise the ordinary and proper precautions to protect and safeguard his health and welfare.  Railroad employees must, as part of their duties, exercise due care for their own safety.

Atlantic Coast Line Railroad v. Dixon, 189 F.2d 525, 527 (5th Cir. 1951), cert. denied, 342 U.S. 830 (1951).

Kurn v. Stanfield, 111 F.2d 469, 473 (8th Cir. 1940).

## INSTRUCTION NO. 18

Under the facts and circumstances presented, the plaintiff was under a duty to exercise reasonable and ordinary care for his own safety and protection. In your consideration of this issue, you may consider the plaintiff's actions in the light of any conditions known to him. If you find that the plaintiff did not exercise due care as a reasonably prudent person would under like circumstances, and that such conduct on the part of the plaintiff contributed, in whole or in part, to the plaintiff's injury, then the plaintiff is negligent. If the plaintiff's negligence was the sole cause of his injury, the plaintiff cannot recover.

Gowins v. Pennsylvania Railroad, 299 F.2d 431 (6th Cir. 1962), cert. denied, 371 U.S. 824.

Page v. St. Louis Southwest Railway, 349 F.2d 820 (5th Cir. 1965).

### INSTRUCTION NO. 19

During the entire time he was working, and at the time he was allegedly injured, the law imposed upon the plaintiff the duty to exercise reasonable care for his safety. The defendant owed the plaintiff no duty to exercise a higher degree of care for his safety than the plaintiff owed to himself.

The plaintiff was required to exercise reasonable care to protect himself from injury, from the ordinary hazards and dangers of his employment not resulting from the defendant's negligence, and to protect himself from injury from such hazards however and whenever they might be encountered.

Because the amount of care exercised by a reasonably prudent person varies in proportion to the danger known to be involved in what is being done, it follows that the amount of due care and caution required will vary with the nature of what is being done, and all the surrounding circumstances shown by the evidence in the case. Tp put it another way, as the danger that should reasonably be foreseen increases, so the amount of care required by law also increases.

In determining whether or not the parties in this case discharged the duties imposed upon each of them in exercising reasonable care and diligence, it is proper for you to take into consideration the plaintiff's familiarity with the place in which he

customarily worked, and his familiarity with the nature of the work which is customarily performed in that place by other employees.

All work on a railroad involves some danger, but it has to be performed and the dangers involved do not constitute liability provided the railroad takes reasonable precautions consistent with the conduct of the business. If the plaintiff failed to perform the duty which the law imposed upon him under the circumstances presented in this case, the plaintiff was negligent.

Gowins v. Pennsylvania Railroad, 299 F.2d 431 (6th Cir. 1962).

Tiller v. Atlantic Coast Line Railroad, 318 U.S. 54, 67 (1943).

Dilley v. Chesapeake & Ohio Railway, 327 F.2d 249 (6th Cir. 1964).

## INSTRUCTION NO. 20

If an employee has a choice of ways in doing a particular job in the course of his employment, one way involving danger and risk of injury to himself, and another way that is safe and less dangerous, and the employee voluntarily chooses the unsafe or more dangerous way, then the employee may be deemed negligent, if the risk of injury was obvious and was such that a person exercising ordinary prudence would have avoided.

Jackson v. Ilinois Railway, 224 F.2d 76 (7th Cir. 1955).

Wadiak v. Illinois Central Railroad, 208 F.2d 925, 930 (7th Cir. 1953).

## **INSTRUCTION NO. 21**

If you find that the defendant was negligent, and that such negligence contributed in whole or in part to the plaintiff's alleged injury, the measure of damages which you may find is the amount of pecuniary loss which the plaintiff has experienced or is reasonably certain to experience in the future.

If damages are awarded, such damages must not, in any event, exceed what is reasonable. Such damages must not be enlarged so as to constitute either a gift or windfall to the plaintiff, or as a punishment or penalty to the defendant. The only purpose in awarding damages is reasonable compensation. Three is no purpose here to inflict punishment or to impose any penalty or to make an award for the sake of example.

45 U.S.C. § 51, note 1585.

Milwaukee & St. Louis Railway v. Arms, 91 U.S. 489 (1875).

**INSTRUCTION NO. 22**

The fact that I am instructing you as to the rules of law which are to govern you in your consideration of the question of damages is not to be understood as an opinion by me as to whether damages should or should not be allowed. This is a matter solely for your determination under the rules of law as I have given them to you. Instructions as to the measure of damages are given for your guidance in the event you should find in favor of the plaintiff from a preponderance of the evidence and in accordance with my instructions on the law.

2 Devitt and Blackmar, <u>Federal Jury Practices and Instructions,</u> § 74.02 (3rd. Ed. 1977).

<u>Eulo v. Deval Aerodynamics, Inc.,</u> 47 F.R.D. 35, 43 (E.D. Pa. 1969).

## INSTRUCTION NO. 23

With respect to loss of earnings in the past, you are instructed that if the plaintiff could have worked in the past but did not, you must not award him damages for loss of earnings for the period of time during which he might have worked. The issue in this respect is not whether the plaintiff did work but whether or not the plaintiff could have worked during all or part of the time in question.

If you find that the plaintiff could have worked, but at a lesser salary, because of his injury, his damages must be limited to the difference between the salary he might have earned and the greater amount which he could have earned if he had not been injured.

Similarly, with respect to future loss of earnings, you are instructed that if the plaintiff is able to work in the future, you must not award the plaintiff future loss of earnings. However, if the plaintiff is able to work in the future, but his earnings will be diminished because of his injury, the plaintiff is entitled to recover the difference between the lesser salary he might earn and the greater amount which he could have earned if he had not been injured.

U.S. v. Suomy, 70 F.2d 542 (9th Cir. 1934).

Adams v. U.S., 115 F2d 199, 201 (7th Cir. 1940).

## **INSTRUCTION NO. 24**

Under the uncontradicted evidence, you may find that the plaintiff suffered from a pre-existing injury prior to the plaintiff's alleged accident and for which the defendant is not liable or responsible. If you should find for the plaintiff, then in arriving at the amount of your verdict, you should not consider any pecuniary loss caused by the pre-existing injury which would have resulted independently of the alleged accident and injury. You should not consider any medical or hospital expenses incurred by reason of the pre-existing injury which would have occurred independently of the alleged accident. If you should find that all damages which the plaintiff claims to have sustained from and after the alleged accident were solely attributable to the normal progression of the pre-existing injury, you must return a verdict in favor of the defendant.

2 A.L.R. 3d 290 (1965).

## INSTRUCTION NO. 25

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you will find, from a preponderance of the evidence in this case, that he has sustained as a result of the alleged accident.

You are not permitted to award speculative damages.  Thus, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

45 U.S.C. § 51.

## INSTRUCTION NO. 26

The burden is on the plaintiff in this action to prove by a preponderance of the evidence: (1) that the injury complained of by him exists; and (2) that the injury is the result of the accident at issue in this case. You are not permitted to award damages for injuries which are speculative or conjectural. Thus, if the plaintiff fails to carry the burden of proving the existence of any injury, or that the injury complained of resulted from the accident at issue in this case, the plaintiff is not entitled to recover damages in this action.

Dollens v. Public Belt Railroad Comm., 333 F. Supp. 72 (1971).

Kuberski v. New York Central Railroad, 359 F.2d 90 (1966).

**INSTRUCTION NO. 27**

In order for the plaintiff to recover damages in this case, he must prove by a preponderance of the evidence that any injury he sustained was a result of the negligence of the defendant. You must not speculate in this respect. It is not sufficient for the plaintiff to show that his alleged injury could have been caused by the alleged accident. The defendant is not to be held responsible for any physical conditions which the plaintiff may suffer which resulted from any cause other than the accident at issue in this case. Any physical disability which you find to be attributable to any prior or subsequent accident or illness and which is not a direct result of the accident at issue in this case is not a part of this action and should not be considered by you.

Chesapeake & Ohio Railway v. Carnahan, 241 U.S. 241, 244 (1916).

Bowles v. Zimmer Mfg. Co., 277 F2d 868 (7th Cir. 1960).

## INSTRUCTION NO. 28

Under the uncontradicted evidence, you may find that the plaintiff developed a physical condition subsequent to the alleged accident at issue in this case and for which the defendant is not liable or responsible based upon the facts presented.  If you should find for the plaintiff, than in arriving at the amount of your verdict, you should not consider any pecuniary loss caused by the subsequent physical condition which would have resulted independently of the accident at issue in this case nor should you  consider any medical or hospital expenses incurred by reason of the subsequent physical condition which would have occurred independently of the alleged accident.  If you should find that all damages which the plaintiff claims to have sustained from and after the alleged accident were solely attributable to the subsequent physical condition which would have resulted independently of the accident at issue, you must return a verdict in favor of the defendant.

Chesapeake & Ohio Railway v. Carnahan, 241 U.S. 241, 244 (1916).

Bowles v. Zimmer Mfg. Co., 277 F2d 868 (7th Cir. 1960).

## INSTRUCTION NO. 29

A person who has a condition or disability at the time of an alleged accident is not entitled to recover damages for the pre-existing condition itself but may recover damages for any aggravation of the pre-existing condition resulting from the alleged accident and injury. However, where a pre-existing condition or disability is aggravated in such a manner, the damages recoverable by the plaintiff are limited to the additional injury caused by the accident, and the plaintiff cannot recover for any worsening of his pre-existing condition which is not caused by the alleged accident.

2 A.L.R. 3d 290 (1965).

**INSTRUCTION NO. 30**

You may not include in any award to the plaintiff any amount you might include for the purpose of punishing the defendant or to serve as an example or warning for others.  Such damages would be punitive and are not authorized in a Federal Employer's Liability Act case.

Kozar v. Chesapeake & Ohio Railway, 449 F2d 1238, 1240-43 (6th Cir. 1971).

## INSTRUCTION NO. 31

It is the duty of one who has been injured to use reasonable diligence and means in caring for his injuries in order to prevent their aggravation, to accomplish healing, and to minimize resulting damage. Failure of the injured party to make a reasonable effort to minimize damages does not prevent all recovery, but does preclude recovery for damages or losses which could have been avoided had a reasonable effort to lessen damages been made.

Yarrow v. U.S., 309 F.Supp. 922, 932 (S.D.N.Y. 1970).

Lewis v. Pennsylvania Railroad, 100 F.Supp. 291, 294 (E.D.Pa. 1951).

### INSTRUCTION NO. 32

An injured party is under a legal obligation to mitigate his damages, that is, to minimize the economic loss resulting from his injury by resuming gainful employment as soon as such can reasonably be done. If the plaintiff failed to take reasonable steps to assist him in effecting a healing of his injury so as to enable him to return to work, or if he does not resume available employment even though he is physically able to do so, the plaintiff may not recover damages for earnings lost after the date on which he was or reasonably could have been able to return to some form of gainful employment.

Young v. American Exp't Lines, 291 F.Supp. 447, 450 (S.D.N.Y. 1968).

Holladay v. Chicago, B. & Q. Railroad, 255 F.Supp. 879, 886-87 (S.D.Iowa 1966).

**INSTRUCTION NO. 33**

The award of damages for loss of future earnings, if any, must be reduced to its present cash value, allowing adequately for the earning power of money.  Thus, future earnings should be calculated on the length of time the plaintiff would probably be employed rather than on the time he would expect to live.  You are entitled to consider all factors or circumstances such as illness, retirement, either compulsory or voluntary, the nature and hazards of the plaintiff's employment, the possibility of obtaining other suitable employment, accidents, death, or other like matters which would tend to increase or decrease the pecuniary loss.

McCray v. Illinois Central Railroad, 12 Ill.App.2d 425 (1957).

Thompson v. Camp, 163 F.2d 396 (6th Cir. 1947).

## **INSTRUCTION NO. 34**

You are not permitted to award the plaintiff speculative damages meaning
compensation for future detriment which, although possible, is only remote or
conjectural. You can only award for future detriment if a preponderance of the evidence
shows such a degree of probability of that detriment occurring as amounts to a reasonable
certainty that it will result from the original injury in question.

Khan v. Southern Pacific Co., 282 P.2d 78 (1955).

## **INSTRUCTION NO. 35**

A damage award made to the plaintiff in this case, if any, is not income to the plaintiff for federal or state income tax purposes. Should you find that the plaintiff is entitled to an award of damages, you should neither add nor subtract any amount from that award to compensate for imagined federal or state tax consequences.

> Bach v. Penn Central Transportation Co., 502 F.2d 1117, 1123 (6th Cir. 1974);
>
> McWeeny v. New York, N.H. & H. Railway Co., 282 F.2d 34, 39 (2nd Cir. 1960) cert. denied, 364 U.S. 870 (1960);
>
> But cf., Griffin v. General Motors Corp., 380 Mass. 362, 403 N.E.2d 402, 406-407 (1980).

## INSTRUCTION NO. 36

The plaintiff was required to exercise such care for his own safety as a reasonably prudent person would under the same circumstances. If you find that the plaintiff was negligent and that the plaintiff's negligence contributed to the cause of the accident at issue in this case, the plaintiff's damages, if any, must be reduced in proportion to the amount of the contributory negligence of the plaintiff.

## INSTRUCTION NO. 37

If you find that the plaintiff violated a rule or rules promulgated for his conduct and safety or designed to prevent injuries from occurring in the manner and under the circumstances which the plaintiff was injured, you may consider this violation by the plaintiff, together with all other facts and circumstances in evidence, in determining whether or not the plaintiff was negligent before and at the time of the occurrence at issue in this case.

Thomas v. Conemaugh Black Lick Railroad, 133 F.Supp. 533, 540-41 (W.D.Pa. 1955), aff'd, 234 F.2d 429 (3rd Cir. 1956).

Teets v. Chicago, South Shore & South Bend Railroad, 238 F.2d 223 (7th Cir. 1956).

MacCuish v. Volkswagenwerk A.G., 22 Mass. App. Ct. 381, 400, note 12 (1986).

**<u>INSTRUCTION NO. 38</u>**

     As jurors, you are required to perform your duty in this case without letting bias, prejudice or sympathy play any part in your deliberations.  The law does not permit jurors to be governed by bias, prejudice or sympathy.  The parties and the public expect that you will carefully and impartially consider all of the evidence, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

## **INSTRUCTION NO. 39**

You must consider this case as litigation between persons of equal standing in the community. You should not be influenced or affected by the fact that the defendant is a railroad or a corporation, nor should you be in any way influenced by any thoughts or ideas you may have as to the financial standing of any party to this litigation. Such matters have no place in a case of this kind. This case is to be considered and determined by you in the same unbiased way as you would consider and determine a case between two private individuals.

## INSTRUCTION NO. 40

Because a corporation can only act through its agents, officers, servants or employees, the burden is on the plaintiff to establish, by a preponderance of the evidence in this case, that the negligence of one or more of the defendant's agents, officers, servants or employees, other tan the plaintiff himself, was a cause of any injuries and damages sustained by the plaintiff.

Cutter v. Cincinnati Union Terminal Co., 361 F.2d 637 (6th Cir. 1966).

**INSTRUCTION NO. 41**

If you find that the injury to the plaintiff as shown by the evidence presented in this case was not under all the circumstances reasonably foreseeable to the defendant, your verdict must then be in favor of the defendant.

Brady v. Southern Railway, 320 U.S. 476, 483-84 (1943).

Gallick v. Baltimore & Ohio Railroad, 372 U.S. 108, 117 (1962).

## INSTRUCTION NO. 42

During the course of this trial, you have observed at certain times counsel making objections in open court. Objections are used to call the court's attention to improper evidence or procedure and are important so that such objections are noted on the record for purposes of possible appeal. You should draw no inference from either the timing or the quantity of objections made by counsel in determining the facts of this case.

## INSTRUCTION NO. 43

Where you the fact finders are left to conjecture and surmise on technical matters in the absence of expert testimony, the plaintiff's burden of proof is not satisfied.

Stewart v. Worcester Gas Light Co., 341 Mass. 425 (1960).

## INSTRUCTION NO. 44

You have heard the testimony of the plaintiff's opinion witnesses in this case. Their testimony is to be judged in the same manner as the testimony of all other witnesses. You are not bound in any sense by any testimony of any expert and are free to accept or reject any or all of the expert's conclusions. You should view it as any other evidence and consider it to the extent that you find it to be of assistance to you in arriving at your conclusions.

Dodge v. Sawyer, 228 Mass. 402 (1934);

Mackay v. Ratner, 353 Mass. 662 (1968);

Reil v. Lowell Gas Co., 353 Mass. 120 (1967).