UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DAVID DEITZEL**          )<br>         Plaintiff,          )<br>                                )<br>v.                              )<br>                                )<br>**SPRINGFIELD TERMINAL**    )<br>**RAILWAY COMPANY,**        )<br>         Defendant.         )<br>                                ) | Civil Action No.: 03-12560-RGS |

**DEFENDANT, SPRINGFIELD TERMINAL RAILWAY COMPANY'S
MOTION FOR A NEW TRIAL, PURSUANT TO F. R. CIV. P. 59(a), AND
TO ALTER OR AMEND JUDGMENT AND FOR A REMITTUR.
PURSUANT TO F. R. C. P. 59(e)**

   NOW COMES the defendant, Springfield Terminal Railway Company ("STR"), in the above captioned matter, and respectfully moves this Honorable Court to order a new trial; or in the alternative, to alter or amend the judgment and to remit the verdict. As grounds for this Motion the defendant states as follows:

   Rule 59(a) of the Federal Rules of Civil Procedure does not provide specific grounds for granting a new trial, rather, it provides that a Court may order a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Despite the Rule's lack of specificity, it is clear that a court may order a new trial when: (1) a jury verdict is against the weight of the evidence, (2) if the amount of the verdict is against the weight of the evidence (i.e. if the jury's award was grossly excessive or inadequate), (3) if counsel engaged in improper conduct that had a prejudicial effect upon the jury, or (4) if the Court committed a significant error of law to the prejudice of the moving party. Stainton v. Tarantino, 637 F. Supp. 1051, 1078 (E.D. Pa. 1986) (see also footnote 2 that states in relevant part that "these are not the sole grounds on which a court may grant a motion for a new trial).

   Moreover, a United States District Court may reduce a jury award if the award is: (1) beyond the range of supportable by proof,; (2) so excessive as to shock the conscience, or (3) the result of a mistake. Slayton v. Ohio Department of Youth Services, 206 F.3d 669, 679 (6th Cir.2000). A Motion for a New Trial seeking a remittitur of a jury's verdict should be granted if the award clearly exceeds the amount which, under the evidence in the case, was the maximum that a jury could reasonably find. Strickland v. Owens Corning, 142 F 3d 353, 357 (6th Cir. 1998).

   In the instant case, insufficient evidence was presented at trial from which the jury could determine negligence on part of the defendant. In this regard, the defendant incorporates by reference its Motion Pursuant to F. R. Civ. P. 50 For Judgment as a Matter of Law or in the

Alternative, Motion for New Trial which is filed in conjunction with this Motion To Alter Or Amend Judgment And For Remittitur Pursuant to F. R. Civ. P. 59(e).  Notwithstanding the lack of evidence supporting the jury verdict of negligence on the part of the defendant, the defendant further submits that the jury's determination of a percentage of only 30% comparative negligence attributable to the plaintiff is too low based upon the evidence presented at trial.

   Plaintiff's aggression with respect to the manner and amount of force he applied to pull/throw the subject train cannot be deemed attributable to the defendant; rather, such actions constitute comparative negligence on the part of the plaintiff.  The problems the plaintiff alleged he encountered with the train switch, and his conduct with respect thereto, were governed by the provisions Exhibit 11, Safety Rule 147, and Exhibit 12, NORAC Rule 104.  Evidence was presented at trial that described to the jury the proper technique that the plaintiff should have employed when he attempted to throw the track switch on the date of incident.  David Nagy, STR's Director of Safety, testified that as soon as the plaintiff encountered resistance with the track switch, the plaintiff should have stopped and reported the problem with the track switch to his supervisors.  The plaintiff himself testified that to continue trying to throw the track switch and "apply elbow grease" after resistance was encountered was in violation of the defendant's applicable safety rules.  Any injury the plaintiff claims he sustained was not due to a problem with the track switch but, rather, was due to plaintiff's comparative negligence in attempting to throw the track switch after he met resistance.  Thus, the jury's assignment of only 30% comparative negligence on the part of the plaintiff is too low and no reasonable jury could have found such based upon the evidence presented at trial and on the applicable law as given by the court.

   In the instant case, the jury awarded damages to the plaintiff for loss of future earning capacity and pain and suffering.  Based upon the evidence presented at trial, the damages award was grossly excessive and contrary to the weight of the evidence.  The plaintiff testified on direct examination that he presently is working in an ice cream shop earning $250 per week for 20 hours work.  The only reason given by the plaintiff for not working 40 hours per week at the shop was the amount of available work hours.  Based upon this testimony, the plaintiff is presently capable of employment and has a present earning capacity, at the very least, of $500 per week or $26,000.00 per year which, over the span of 24 years, amounts to $624,000.00.

   The plaintiff testified at trial that he was guaranteed to earn wages of $47,174.00 per year while employed by STR.  Thus, the plaintiff would have been guaranteed earnings of $1,132,176.00 if he continued to work 24 more years with the railroad.  To the extent that the plaintiff alleges that he would have earned more based upon overtime earnings, such allegations should be deemed to be based upon speculation that such overtime work would be available and that he would be capable of working such overtime in his later years.  Therefore, the figure of $1,132,176.00 is the reasonable amount of earnings the jury should have determined that the plaintiff would have received if he continued to work for the railroad up to the time he reached the age of 65.  When one subtracts the amount of the plaintiff's present earning capacity of $624,000.00 from the plaintiff's expected earning capacity of $1,132, 176.00 if he remained employed by the railroad, the result is $508,176.00 which constitutes the plaintiff's lost earning

capacity.

When one subtracts the plaintiff's lost earning capacity of $508,176.00 from the jury's verdict of $1,322,800.00, the result is an award of $814,624.00 for pain and suffering. Such an award for pain and suffering is patently unreasonable and excessive based upon the evidence presented at trial which includes evidence that the plaintiff did not seek medical attention for his alleged injuries until sixteen months after the subject incident. Moreover, the plaintiff's own treating physician, Dr. Paly, determined and opined in his report marked as Exhibit 17 that the plaintiff had "done exceedingly well" and that his condition was completely resolved as of May 2, 2005. Based upon this evidence, the jury's pain and suffering award is shocking and so excessive that either a new trial or a diminished award is warranted.

Furthermore, plaintiff's counsel unfairly and inaccurately referenced, tabulated and argued in his closing argument concerning lost wages predicated upon a single pay stub and W-2 Form and projected those amounts over the rest of the plaintiff's work life. Counsel's argument failed to incorporate a proper mitigation of plaintiff's damages; and, inasmuch as there was no expert testimony from either an economist or vocational rehabilitation expert, the jury must have relied upon the information contained in the closing remarks of plaintiff's counsel in determining damages. Such reliance on the part of the jury was in clear violation of the Court's instruction that arguments by lawyers "are not evidence and should have no influence on your verdict." The jury's verdict inherently demonstrates a failure to abide by the Court's instruction as to the importance of "the total sum awarded not exceed fair compensation for the entire injury." The jury verdict is so shocking and excessive and unjust that in the interest of fairness, this Honorable Court Order should order a new trial or a reasonable reduction of the jury award.

Even if the this Honorable Court determines that the jury was entitled to consider plaintiff's counsel's tabulation of lost earning capacity absent any tabulation of other income which would mitigate damages the jury's award was unfounded based upon the evidence. Plaintiff testified that he intended to work at the railroad until age 65 for 24 more years. Plaintiff was terminated from railroad employment in early July 2006. The grounds for the termination was excessive absenteeism. The plaintiff did not offer any evidence to refute the reason for his termination. Thus, the jury's answer to Question No. 6 of the Special Verdict Questions was against the weight of the evidence. Plaintiff acknowledged on cross examination that he had been charged with excessive absenteeism on 8 prior occasions and that his personnel file contained 19 discipline marks against him. Plaintiff further testified he was given an opportunity to present medical evidence at the June 2006 hearing prior to his termination to explain the reasons for his 16 days of absenteeism between January and May 2006. He further testified that he did not submit any documentation or evidence in his defense at the hearing. To the extent plaintiff testified that he submitted medical documentation to the railroad, that documentation related to his application for Family Medical Leave Act ("FMLA") in the future, not prior to the date of his June 2006 hearing for absenteeism. Since the plaintiff did not submit medical certification for the days he missed between January and May 2006, he, as a matter of law under the FMLA, is not eligible to include the days he was absent prior to May 31, 2006 in the total time charged against his FMLA approval. The undisputed evidence at trial was that the

plaintiff's termination in July 2006 was based upon reasonable grounds relating to his excessive absenteeism over an extended period of time during his employment with the railroad and was in no way related to his lawsuit. In reaching its verdict the jury clearly took into consideration issues pertaining to the plaintiff's termination from the railroad which had no bearing on the issues they were charged to consider relating to the FELA claim. Any award for loss of past and future earnings was improperly predicated upon the jury's desire to reward the plaintiff and/or punish the defendant in contradiction of the Court's instructions on the law.

WHEREFORE, based on the foregoing, the defendant, Springfield Terminal Railway Company, respectfully requests that this Honorable Court allow this Motion for a New Trial pursuant to F. R. Civ. P. 59(a); or, in the alternative, alter or amend the judgment and for a remittitur, pursuant to F. R. Civ. P. 59(e).

**THE DEFENDANT RESPECTFULLY REQUESTS A HEARING AND ORAL ARGUMENT ON THE ISSUES RAISED IN THIS MOTION.**

    Respectfully submitted,
    By the defendant,
    Springfield Terminal Railway Company,
    By its attorneys,

    _____/s/_____
    John J. O'Brien, Jr.
    BBO # 375885
    Francis S. McGurrin
    BBO # 630847
    O'Brien & von Rosenvinge
    27 Mica Lane, Suite 202
    Wellesley, MA 02481
    (781) 239-9988

DATED: October 13, 2006

CERTIFICATE OF SERVICE

    I, John J. O'Brien, Jr., attorney for the defendant, Springfield Terminal Railway Company., hereby certify that on the <u>13th</u> day of October, 2006 I forwarded true copies of:

**DEFENDANT, SPRINGFIELD TERMINAL RAILWAY COMPANY'S MOTION FOR A NEW TRIAL, PURSUANT TO F.R.CIV. P. 59(a), AND TO ALTER OR AMEND JUDGMENT AND FOR A REMITTUR. PURSUANT TO F. R. C. P. 59(e)**

by first class mail, postage pre-paid to the following counsel of record:

Rudolph V. DeGeorge, II, Esq.
Barish Law Offices, P.C.
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102

                                                    /s/
                                       John J. O'Brien, Jr.