**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DAVID DEITZEL** )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>**SPRINGFIELD TERMINAL** )<br>**RAILWAY COMPANY,** )<br>      Defendant. )<br>) | Civil Action No.: 03-12560-RGS |

**DEFENDANT, SPRINGFIELD TERMINAL RAILWAY COMPANY'S,
MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT,
PURSUANT TO F. R. CIV. P. 50, OR IN THE ALTERNATIVE,
MOTION FOR NEW TRIAL, PURSUANT TO F. R. CIV. P. 59**

     NOW COMES the defendant, Springfield Terminal Railway Company ("STR"), in the above-captioned matter, and respectfully requests that this Honorable Court direct the entry of judgment in favor of the defendant, notwithstanding the verdict, pursuant to F. R. Civ. P. 50, or in the alternative, order a new trial, pursuant to F. R. Civ. P. 59.  As grounds for this motion the defendant states as follows:

     The plaintiff brought suit against STR, pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C.S. §§ 51 et seq., alleging that the track switch he attempted to throw on March 12, 2001 malfunctioned, was defective and was improperly and/or poorly maintained.  Notwithstanding the jury verdict entered against STR, the plaintiff failed at trial to sustain his burden of proving by a preponderance of the evidence that the subject track switch was, in fact, defective and/or that STR was on notice of such defect on or about March 12, 2001.

     Federal Courts have interpreted FELA as placing a duty on the railroads to provide its employees with a reasonably safe workplace, reasonably safe equipment, proper training and suitable methods to perform assigned work. Zarecki v. National Railroad Passenger Corp., 914 F.Supp. 1566, 1571 (N.D. Ill. 1996).   Although FELA is liberally construed, it does not make the employer an insurer of the safety of its employees. Ellis v. Union Pacific Railroad Co., 329 U.S. 649, 633 (1947).  Notably, proof of injury, standing alone, will not sustain the plaintiff's burden of proof in showing the negligence of his employer. Moore v. Chesapeake & Ohoi Railway Co., 340 U.S. 573, 577-578 (1951); Deutsch v. Burlington Northern Railroad Co., 983 F.2d 741, 744 (7th Cir. 1992).  Specifically, the plaintiff must offer evidence proving the common law elements of negligence, including duty, breach, foreseeability and causation.  Fulk v. Illinois Central Railroad Co., 22 F.3d 120, 124 (7th Cir. 1994).  Where a FELA plaintiff's claim is based upon a defective condition, the plaintiff cannot recover without showing that the employer had actual or constructive notice of the alleged defective condition. Williams v. National Railroad Passenger Corp., 161 F.3d 1059, 1063 (7th Cir. 1998).

In the instant case, insufficient evidence was presented at trial from which a reasonable jury could determine, by a preponderance of the evidence, that the subject track switch was defective and/or that STR was on notice of any defective condition involving the rail switch during the relevant period.  The evidence presented showed that the train switch at issue was located in STR's Nashua train yard and was in continual use during the period both prior to and subsequent to March 12, 2001.  Most notably, no evidence was presented at trial showing that the switch was ever taken out of service and/or that the switch was found to be in a defective condition by any STR maintenance personnel during the relevant period.  In fact, testimony given at trial by Larry Ferguson, STR's Director of Operations, which was based upon his review of the train sheets kept for the Nashua Rail Yard for the six month period prior to March 12, 2001 and for the nineteen (19) day period thereafter, showed that no problems were ever reported with the switch during that period.  Mr. Ferguson further testified, that all rail yard switches needed to be in good repair and working order so that STR's trains could be made up to ensure that its railroad customers could be serviced.  Mr. Ferguson's testimony was further supported by the testimony of David Nagy, STR's Director of Safety.  Mr. Nagy testified that, on average in the Nashua Yard, a conductor, such as the plaintiff, would expect to throw twelve (12) to one hundred (100) train switches a day.  On cross examination, plaintiff agreed with Mr. Nagy's testimony.  Therefore, numerous other conductors would have thrown the train switch at issue, yet, no other conductor or train crew reported a problem with the train switch on or about March 12, 2001.  If the subject train switch was defective as alleged by the plaintiff, STR would not have been able to efficiently operate its rail yard during the relevant period until such time as the defective switch was repaired to its proper condition.  However, no evidence was presented to show that other train crews encountered difficulty with the train switch on or about March 12, 2001 or that any repairs were made to the train switch.

It is clear that the plaintiff failed to sustain his burden of proof at trial based upon his failure to produce any evidence of any alleged defective condition of the subject track switch.  Other than testifying that he had difficulty throwing the switch on March 12, 2001, the plaintiff presented no evidence demonstrating the specific cause of the train switch's alleged defective condition.  Thus, the plaintiff's allegation that his injury was caused by some unidentified defective condition of the track switch is based simply upon speculation and conjecture; and, when a FELA plaintiff's claim is based upon speculation and conjecture, the entry of judgment in favor of the defendant railroad, as a matter of law,  is warranted.. Deans v. CSX Transportation, 152 F.3d 326, 330 (4th Cir. 1998).

To the extent that plaintiff's witness, Phillip Collins, testified that he reported an unidentified problem with the switch on the day prior to the incident, no evidence was presented to support the specific cause of the alleged problem encountered by Mr. Collins.  No evidence was introduced to support Mr. Collins' testimony regarding any alleged defective condition with the train switch and there was no record of Mr. Collins reporting that the rail switch was, in fact, defective.

The plaintiff, Mr. Collins and Mr. Ferguson all testified that on March 12, 2001, the plaintiff and Mr. Collins were "set back" two hours to 9:00 a.m. rather than the regular 7:00 a.m.

start time so that the yard switches could be cleared by the railroad. Plaintiff testified that the area where he stood around the switch and at the side of tracks was cleaned out and "clear" of snow. Even if the jury accepted that Mr. Collins reported a problem with the track switch on the day prior to the incident, the evidence was that STR's maintenance department would have inspected the track switch on March 11 and 12, 2001. If there were any problems with the train switch on either day that couldn't be resolved, then the track switch would have been taken out of service. However, the evidence at trial was that the track switch was never taken out of service supporting the reasonable inference that the track switch was in good working condition on or about March 12, 2001.

Evidence presented at trial demonstrated that snow had fallen on March 11, 2001 when Mr. Collins allegedly encountered a problem with the track switch. Thus, if Mr. Collins' testimony was accepted by the jury, the only reasonable inference which could have been drawn from his testimony was that weather conditions caused the train switch problem he encountered.

"It is a general rule of wide acceptance that since railroad companies have no control over the vagaries of the weather or climatic conditions that there is no liability for injuries resulting from the mere existence of ice or snow and disconnected from other circumstances." Raudenbush v. Baltimore & Ohio Railway Co., 160 F.2d 363, 366 (3rd Cir. 1947). "Troublesome or severe climatic conditions are commonplace in the year-round operation of interstate carriers [and] a temporary dangerous working condition resulting therefrom is not by itself a negligent failure on the part of the carrier to provide the employees a safe place in which to work." Detroit, T & I.R. Co.v. Banning, 173 F.2d 752, 755 (1949) (citations omitted).

In the case of Carew v. Burlington Northern Railroad Co., 514 So.2d 899 (Ala. 1987), the administratrix of a deceased railroad employee alleged that the decedent's death was the result of myocardial infarction suffered after the decedent unsuccessfully attempted to throw a track switch which was alleged by the plaintiff to have been frozen due to weather conditions. The Carew Court directed a verdict in favor of the defendant railroad on the basis that there was insufficient evidence "that the alleged difficulty with the switch was a result of the negligence" of the defendant and that the unsubstantiated contention was "not proof that the switch was actually frozen or defective in any way, including mechanically." Id. 514 So.2d at 901.

Similarly, in the instant case, the plaintiff has failed to demonstrate that any difficulty he encountered in throwing the subject track switch was due to any negligence on the part of STR. The plaintiff has failed to "show why the switch was frozen or whether the switch was frozen at all." Id. The plaintiff's allegation that the track switch was frozen is simply an assumption on his part which he failed to substantiate at trial by a preponderance of the evidence. Proof of injury or simple reliance upon the weather conditions, at or about the time of the subject injury, is not enough to carry the plaintiff's burden of proof at trial to show that the track switch was defective or that STR's negligence was, in fact, the cause of his alleged injury.

When ruling on a Motion for Judgment Notwithstanding the Verdict, the Court must limit its inquiry to "whether the evidence presented, combined with all reasonable inferences

3

permissibly drawn therefrom, is sufficient to support the verdict when viewed in the light most favorable to the plaintiff. Emmel v Coca-Cola Bottling Co. of Chicago, 95 F.3d 627, 629 (7th Cir. 1996); see also Tart v. Illinois Power Co., 366 F.3d 461, 472 (7th Cir. 2004). In evaluating a Motion for a New Trial on the grounds that the jury's award was against the weight of the evidence, the Court is not held to the same strict standard that applies to motions for a directed verdict or for a judgment notwithstanding the verdict. If the weight of the evidence does not support the verdict, the court may order a new trial. Keystone Floor Prods. V. Beattie Mfg. Co., 432 F. Supp. 869, 876 (E. D. Pa. 1977)

     As set forth above, the defendant, Springfield Terminal Railway Company, is entitled to the entry in its favor of a judgment notwithstanding the verdict, pursuant to F. R. Civ. P. 50, or in the alternative, for a new trial, pursuant to F. R. Civ. P. 59. At trial, the plaintiff failed to sustain his burden of proving by a preponderance of the evidence that he was injured due to the defective condition of the track switch he operated on March 12, 2001. No evidence was presented at trial demonstrating the cause of the alleged defective condition; therefore, the plaintiff's proofs must be deemed to be based upon speculation and conjecture. The plaintiff has failed to demonstrate any negligence on the part of the defendant or any defective condition with the track switch which could have caused his alleged injury other than a weather related condition for which the defendant could not be held liable, as a matter of law. Furthermore, the plaintiff cannot show that the defendant knew or should have known that the track switch at issue was in a defective condition prior to the subject incident. For the foregoing reasons, the defendant, Springfield Terminal Railway Company, respectfully requests that this Honorable Court direct the entry of judgment in favor of the defendant notwithstanding the verdict, pursuant to F. R. Civ. P. 50, or in the alternative, order a new trial, pursuant to F. R. Civ. P. 59

**THE DEFENDANT RESPECTFULLY REQUESTS A HEARING AND ORAL ARGUMENT ON THE ISSUES RAISED IN THIS MOTION.**

                                              Respectfully submitted,
                                              By the defendant,
                                              Springfield Terminal Railway Company,
                                              By its attorneys,

                                                  /s/
                                              John J. O'Brien, Jr.
                                              BBO # 375885
                                              Francis S. McGurrin
                                              BBO # 630847
                                              O'Brien & von Rosenvinge
                                              27 Mica Lane, Suite 202
                                              Wellesley, MA 02481
                                              (781) 239-9988

DATED: October 13, 2006

CERTIFICATE OF SERVICE

    I, John J. O'Brien, Jr., attorney for the defendant, Springfield Terminal Railway Company., hereby certify that on the <u>13th</u> day of October, 2006 I forwarded true copies of:

**DEFENDANT, SPRINGFIELD TERMINAL RAILWAY COMPANY'S, MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, PURSUANT TO F. R. CIV. P. 50, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL, PURSUANT TO F. R. CIV. P. 59**

by first class mail, postage pre-paid to the following counsel of record:

Rudolph V. DeGeorge, II, Esq.
Barish Law Offices, P.C.
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102

                                                  /s/
                                       John J. O'Brien, Jr.