UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 03-12560-RGS

DAVID DIETZEL

v.

SPRINGFIELD TERMINAL RAILWAY COMPANY

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT
NOTWITHSTANDING THE VERDICT PURSUANT TO FED .R. CIV. P. 50,
OR IN THE ALTERNATIVE, FOR A NEW TRIAL,
PURSUANT TO FED. R. CIV. P. 59

November 8, 2006

STEARNS, D.J.

The motion for judgment notwithstanding the verdict is DENIED. Defendant's motion simply reargues the sufficiency of the evidence presented to and found credible by the jury. "A federal court may not set aside a jury verdict and direct the entry of a contrary verdict unless no reasonable jury could have returned a verdict adverse to the moving party." Havinga v. Crowley Towing and Transportation Co., 24 F.3d 1480, 1483 (1st Cir. 1994). As plaintiff correctly points out, the rule favoring the jury's determination is even more indulgent in cases brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (FELA). See Lavender v. Kurn, 327 U.S. 645, 653 (1946).

The motion (in the alternative) for a new trial pursuant to Fed. R. Civ. P. 59 is also DENIED. A new trial under Rule 59 will be granted only "if the court 'believes that the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice.'" Ramos v. Davis & Geck, Inc., 167 F.3d 727, 731 (1st

Cir. 1999), quoting Velazques v. Figueroa-Gomez, 996 F.2d 425, 427 (1st Cir. 1993). The district judge "cannot displace a jury's verdict merely because he disagrees with it or would have found otherwise in a bench trial." Ahern v. Scholz, 85 F.3d 774, 780 (1st Cir. 1996), quoting Milone v. Moceri Family, Inc., 847 F.2d 35, 37 (1st Cir. 1988). Such was the result here. The evidence presented weighed in roughly equal proportions for and against the parties (as the jury found in apportioning negligence). Under FELA, plaintiff had to show only some negligence on the part of his employer to sustain his burden of proof. Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506 (1957). The testimony of Phillip Collins was sufficient in and of itself to meet this burden.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE